[No. 4630.  Decided June 15, 1903.]

THE STATE OF WASHINGTON, *Respondent,* v. EMMETT MITCHELL, *Appellant.*

CRIMINAL LAW — FAILURE OF ACCUSED TO TESTIFY — DUTY OF COURT TO INSTRUCT AGAINST INFERENCE OF GUILT.

An instruction that the neglect of defendant to testify should not create any presumption against him was a sufficient compliance with the requirements of Bal. Code, § 6941, which provides "that it shall be the duty of the court to instruct the jury that no inference of guilt shall arise against the accused if the accused shall fail or refuse to testify as a witness in his or her own behalf."

SAME — INSTRUCTIONS — COMMENT ON FACTS.

An instruction of the court, stating the theory of one of the parties to the prosecution, and applying the law thereto, in case the jury shall find in accordance with such theory, is not objectionable as being a comment on the facts within the meaning of art. 4, § 16, of the constitution.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge.  Affirmed.

*Graves & Englehart,* for appellant.

*H. D. Cooley,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

DUNBAR, J.—The appellant was convicted of the crime of robbery, and was sentenced to a term of twenty years

in the penitentiary. The first assignment is that the court erred in failing to charge the jury that no inference of guilt shall arise against the accused by reason of his failure or refusal to testify as a witness in his own behalf. If this assignment were true in fact, it would constitute reversible error under the decisions of this court in *Linbeck v. State,* 1 Wash. 336 (25 Pac. 452); *State v. Myers,* 8 Wash. 177 (35 Pac. 580). But on that point the court instructs as follows:

"The court instructs the jury that, while the statutes of this state provide that a prisoner charged with a crime may testify in his own behalf, he is under no obligation to do so and the statute expressly declares that his neglect to testify shall not create any presumption against him."

Section 6941 of Ballinger's Code, provides "That it shall be the duty of the court to instruct the jury that no inference of guilt shall arise against the accused if the accused shall fail or refuse to testify as a witness in his or her own behalf." We think the court's instruction was a substantial compliance with the provisions of the statute. No particular form of words is required or can be placed in the mouth of the judge. It is the substance of things which the law regards, and it will disregard mere formalities of expression. The judge is simply the mouthpiece of the law, and the weight which the jury attaches to the instructions of the court is and should be based upon the belief of the jury that the instructions of the court are an enunciation of the law; and when the court says to the jury that no inference of guilt shall arise against the accused under certain conditions he does not say any more in substance, or protect the rights guarantied to the prisoner by the law any more, than when he tells them that the law of the state provides that no inference of guilt shall arise against the accused, if he shall fail or refuse to tes-

tify in his or her own behalf. We think the criticism is hypercritical, and that the rights of the appellant in respect to the instruction were fully protected.

It is contended that the following instruction, namely:

"You are further instructed that it is not necessary to constitute the stealing or carrying away from the immediate presence of the deceased that it should have been done, if done, in his immediate view, where he could see it done, and if you find from the evidence beyond a reasonable doubt that he had made a violent assault upon the deceased by choking him and causing him to fall upon the ground and that he then took from his pockets the sum of money as charged in the information, then you will find the defendant guilty of robbery as charged in the information," constitutes error, as being in conflict with art. 4, § 16 of the state constitution, which provides that "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." We do not think that this instruction falls under the ban of the constitution. It is the duty of the court to apply the law to the respective theories of the state and the defendant. While the court would go beyond its province in a discussion of the testimony which would indicate to the jury what weight the court attached to such testimony, yet it may tell the jury, that if it finds certain facts from the testimony, what the law is applicable to such facts, providing, always, of course, that such instruction must be confined to testimony given in the case.; and we think, from an examination of the record in this case, that there is sufficient evidence to support the theory of the state as announced by the judge. It certainly was not an actual comment on the testimony, indicating to the jury what the opinion of the court was upon the testimony; and if it

was simply an erroneous instruction, or one which was not pertinent, and which was calculated to mislead the jury, it was error which could only be corrected by an exception properly saved, and there was no exception to the instruction given. We think there was sufficient evidence to sustain the verdict, and we are not inclined to interfere with the province of the jury in that respect. Nor are we prepared to say that the court abused its discretion in imposing the penalty which it did.

The judgment is affirmed.

FULLERTON, C. J., and HADLEY, ANDERS and MOUNT, JJ., concur.