[No. 7742.   Decided March 9, 1909.]

The State of Washington, *Respondent*, v. E. O. Simmons, *Appellant*.[1]

Rape—Evidence—Conduct at Other Times. In a prosecution for statutory rape, evidence is admissible of the prosecuting witness' conversations with accused at other times than the one upon which the state elected to rely.

Evidence—Handwriting—Identification. A witness who has seen a party write and knows his handwriting is competent to identify letters written by him.

Criminal Law—Appeal—Harmless Error—Rape. In a prosecution for rape, the erroneous admission of evidence that defendant was married and that the prosecutrix was acquainted with his wife, is harmless.

Appeal—Harmless Error—Evidence. Error in the admission of evidence otherwise fully established is harmless.

¹Reported in 100 Pac. 269.

SAME—WITNESSES—COMPETENCY. The competency of a physician who testified to the pregnancy of a prosecutrix is immaterial where the fact of pregnancy was not disputed.

SAME—HARMLESS ERROR—EVIDENCE. It is harmless error to exclude impeaching evidence as to a witness who testified to a mere negative, and to no affirmative fact prejudicial to the appellant.

EVIDENCE—HANDWRITING—INSTRUCTIONS. It is proper to refuse to instruct that a jury may not resort to a comparison of any writing not admitted by the defendant to be genuine, with any other writings not admitted by him, for the purpose of determining the genuineness of any or either of such writings.

TRIAL—INSTRUCTIONS. It is not error to refuse requested instructions covered in the general charge.

CRIMINAL LAW—TRIAL. The jury may take the exhibits to the jury room, under Bal. Code, § 5004.

RAPE—NEW TRIAL—AFFIDAVITS—SUFFICIENCY. It is not a ground for a new trial in a prosecution for rape that it is shown by affidavits that the ordinary period of gestation had elapsed since the act and the prosecutrix had not yet been delivered of her child.

NEW TRIAL — AFFIDAVIT — IMPEACHING VERDICT — EVIDENCE OF HANDWRITING. That two jurors were not satisfied with evidence of the genuineness of certain writings received in evidence until after resorting to a comparison with writings erroneously admitted, is not ground for a new trial.

SAME—INCAPACITY OF JUROR—HEARSAY. An affidavit of an attorney to the effect that a juror had become so ill as to be unable to participate in the deliberations of the jury is hearsay and insufficient as ground for a new trial.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered October 16, 1907, upon a trial and conviction of the crime of rape. Affirmed.

*Slater & Allen*, for appellant.

*J. A. Rochford*, for respondent.

RUDKIN, C. J.—The appellant was convicted of the crime of statutory rape, and from the judgment and sentence of the court, this appeal is prosecuted.

The assignments of error are twenty-five in number, but many of them are so closely associated that they may be considered together. The first, second, third, and twenty-fourth

assignments are directed against the sufficiency of the information. These assignments are not discussed in the briefs and seem to be without substantial merit. On the trial of the case the state elected to rely upon an act of sexual intercourse committed on the 10th day of January, 1907, and the fourth, fifth, sixth, and twelfth assignments of error are based on exceptions to rulings of the court permitting the prosecuting witness to testify to conversations had with the appellant at other times and dates than that upon which the state elected to rely for a conviction. There was no error in these several rulings. *State v. Wood*, 33 Wash. 290, 74 Pac. 380; *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810.

The seventh, eighth, ninth, tenth, eleventh, and thirteenth assignments of error are based on exceptions to rulings of the court admitting in evidence three certain letters written by the appellant to the prosecuting witness, and permitting the prosecuting witness to testify to the handwriting of the appellant. The letters, if properly identified, were clearly admissible, and the prosecuting witness testified that she had seen the appellant write and knew his handwriting. The witness was therefore competent. Greenleaf, Evidence, § 577.

The fourteenth assignment is based on exceptions to the admission of testimony tending to show that the appellant was a married man, and that the prosecuting witness was acquainted with his wife. Such testimony would seem utterly irrelevant and immaterial, but the wife of the appellant was a witness in his behalf and the same matter was gone into fully by the defense, so that the ruling of the court was not prejudicial if erroneous.

The fifteenth assignment is based on exceptions to the ruling of the court admitting in evidence a certain school register kept by the appellant, and permitting a certain witness to identify the handwriting of the appellant. All matters shown by the school register were admitted to be true at every stage of the case by both the state and the accused, and the ruling of the court was not prejudicial if erroneous.

The seventeenth assignment is based on exceptions to the admission in evidence of a certain letter written by the appellant to his wife and found in the cell of the city jail at Northport, which had been occupied by the appellant. This letter was sufficiently identified and was competent for the consideration of the jury.

The eighteenth assignment of error is based on the ruling of the court in favor of the competency of a certain physician, who testified that he had examined the complaining witness some months after the alleged rape and found that she was pregnant. The pregnancy of the complaining witness was not denied or disputed, and the testimony was in all respects true whether the witness was competent or incompetent.

The nineteenth assignment is based on the refusal of the court to direct a verdict of acquittal at the close of the state's case. Without going into the testimony in detail, we deem it sufficient to say that the letters and other testimony offered by the state were ample corroboration of the prosecuting witness under the act of 1907.

Romer Zimma was called as a witness for the appellant, and in response to a question, testified that he did not see the complaining witness and a third party hugging and kissing each other at a time and place specified. He was then asked the following question:

"Now, Romer, don't you remember of stating to me that at the time you saw Parrot at Johnson's, winter before last, that you saw them in the kitchen by themselves, hugging and kissing each other?"

to which an objection was sustained, and on this ruling the twentieth assignment of error is predicated. Had the witness testified to some affirmative fact prejudicial to the appellant, the ruling complained of would perhaps be erroneous. Greenleaf, Evidence, § 444. But the witness testified to a mere negative, and had he been ever so successfully impeached the only effect would be to destroy testimony which

was in itself worthless. The error was therefore harmless.

The twenty-first and twenty-second assignments are based on the refusal of the court to give two certain instructions requested by the appellant. The first request was as follows:

"You are further instructed that you are not authorized and have no right to resort to a comparison of any writing or writings which you may have with you in your jury room and which are not admitted by the defendant to be his handwriting, with any other writing which you may have with you in your jury room not admitted by the defendant to be his handwriting, for the purpose of determining whether either or any of such writing or writings was or is the handwriting of defendant."

This instruction was properly refused. Greenleaf, Evidence, § 578; *State v. Minton*, 116 Mo. 605, 22 S. W. 808. The second request was embodied in substance in the general charge of the court.

The twenty-third assignment of error is based on the ruling of the court permitting the jury to take the exhibits to their jury room. This ruling was in accordance with the statute. Bal. Code, § 5004 (P. C. § 618).

The last assignment of error is based on the ruling of the court denying a motion for a new trial. In so far as this motion was based on the exceptions already considered, it was properly denied. Certain affidavits were filed in support of the motion, and these we will consider briefly. One of the affidavits, filed some thirteen days after the close of the trial and the return of the verdict, averred that the ordinary period of gestation had elapsed between the 10th day of January, 1907, and the 13th day of October, 1907, the date of the affidavit; that the prosecuting witness had not yet been delivered of a child, and that she had stated to her friends that she had no reason to believe, and did not believe, that she would be confined within nine months from the 10th day of January. This affidavit discloses no sufficient ground for granting a new trial. The period of gestation is un-

certain at best, and no effort was made by the appellant at
the trial to prove the probable time of parturition. Further-
more, the fact that the prosecuting witness was pregnant
was only a circumstance in the case. It was not at all neces-
sary to sustain a conviction. Another affidavit was filed by
the attorneys for the appellant, stating that they were in-
formed by two of the jurors who sat at the trial that they
were not satisfied from the testimony that the appellant had
written certain letters received in evidence, that the jurors
resorted to a comparison of the handwriting in said letters
with the handwriting of the appellant in the school register
received in evidence, and that after such comparison the
jurors all treated such letters as having been written by the
appellant. Aside from the fact that this affidavit is based
entirely on hearsay and no excuse is shown for not producing
better or more satisfactory evidence, we think the affidavit,
if true, stated no ground for a new trial. Greenleaf, Evi-
dence, § 578. A third affidavit was filed by one of the at-
torneys for the appellant, setting forth the following facts:

"That one Howard L. Fisk a juror duly sworn into the
panel to try said cause, was, at the time of the trial and de-
liberation of the said jury, so ill of a fever that he was
rendered thereby physically and mentally incapable of a
free and full reception of the evidence and a fair deliberation
of the verdict; and that his physical and mental pain and
anguish during the trial of said cause was so intense that he
was obliged to withdraw from an active and free interest in
said deliberation and take to his bed for relief, all of which
was not known to defendant or his attorney until after the
trial."

This affidavit, like the former, is based entirely upon here-
say, and the source of the affiant's information was not even
given. If a new trial should be granted on such a showing as
this there would be no stability to verdicts and litigation
would never end. After a careful examination of the record
and all the assignments of error, we are satisfied that the

appellant had a fair and impartial trial, and the judgment is affirmed.

CHADWICK, GOSE, FULLERTON, CROW, MOUNT, and DUNBAR, JJ., concur.