[No. 23873.   Department One.   August 17, 1932.]

THE STATE OF WASHINGTON, *Respondent*, v. LESLIE L. FRY, *Appellant*.[1]

*W. E. Gwynn,* for appellant.

*Bertil E. Johnson* and *B. D. Scott,* for respondent.

STEINERT, J.—The prosecuting attorney of Pierce county filed an information against the defendant and one J. E. McGillis, accusing them of the crime of sodomy, committed as follows:

[1]Reported in 13 P. (2d) 491.

"That the said Leslie Fry in the county of Pierce, in the state of Washington, on or about the 3 day of October, Nineteen Hundred and Thirty-one then and there being, did then and there unlawfully and feloniously carnally know one J. E. McGillis, a living male person, by the mouth, and said J. E. McGillis did then and there wilfully, unlawfully and feloniously voluntarily submit to such carnal knowledge by the said Leslie Fry, . . . ."

The defendant McGillis pleaded guilty. Upon a trial, the defendant Fry was found guilty by the jury sitting in the case. Thereafter, defendant Fry entered a motion in arrest of judgment and also a motion for a new trial, both of which motions were denied. Judgment was entered and sentence imposed. The defendant Fry has appealed.

The information was drawn under Rem. Comp. Stat., § 2456, which, omitting inapplicable portions, reads as follows:

"Every person who shall carnally know . . . any male or female person by the anus, or with the mouth or tongue; or who shall voluntarily submit to such carnal knowledge; . . . shall be guilty of sodomy and shall be punished by imprisonment in the state penitentiary for not more than ten years."

It will be noted that the statute reads "with the mouth," while the charging part of the information reads "by the mouth."

The evidence showed that the appellant had used his mouth upon the sexual organ of his confederate. Appellant contends that the language of the statute does not make the act charged an offense, in that there is no such crime as carnally knowing a person *by* the mouth, but only *with* the mouth. He further contends that the information did not apprise him of the actual nature of the charge against him.

It is apparent, from a reading of the statute as quoted above, that, where two individuals co-operate to commit any of the acts therein mentioned, both are guilty of the crime, whether the genital organ of the one or the other be advanced or received, or whether the anus or the mouth of the one or the other be used. The filthiness and proscription rests equally upon both.

We are invited by the briefs of counsel to attempt a perspicuous discrimination in the use of prepositional terms closely related in synonymy—to impale the elusive thought upon the accurate word. In short, we are asked to hinge our decision upon a finely-drawn distinction between the words "by" and "with." Dictionaries, comparative grammars and Roget's Thesaurus have been cited and offered for our consideration and guidance. We have studied them with interest, yet their assistance has not left us wholly free of doubt. However successful one might be in drawing nice distinctions in the present case, he will have done but little more than to establish a liaison between the refinements of grammar and rhetoric and the sordid crime of sodomy.

With reference to the use and construction of words in an indictment or information, our legislature has provided:

"The words used in an indictment or information must be 'construed in their usual acceptation, in common language, except words and phrases defined by law, which are to be construed according to their legal meaning." Rem. Comp. Stat., § 2063.

"Words used in a statute to define a crime need not be strictly pursued in the indictment or information, but other words, conveying the same meaning, may be used." Rem. Comp. Stat., § 2064.

The words "by" and "with" have not been defined by the legislature. They are therefore to be construed in their usual acceptation in common language.

It may be admitted, we think, that the word "with" would have been the preferable word in the information, as indicating means or instrumentality, but, though preferable, it is not exclusive; nor is the word "by" antagonistic to it in its signification or accepted usage. Century Dictionary gives as one definition of the word "by" the following: "Through the use of; with the aid of, as means." Mr. James C. Fernald, in his work on English Synonyms and Prepositions, discriminates between "by" as indicating agency, and "with" as indicating instrumentality. He further adds that "by" may be applied to any object that is viewed as partaking of action or agency. Webster's New International Dictionary for 1929, page 301, suggests the same distinction, and further says, that "whether *with* or *by* shall be used is a matter of arbitrary and (often) of unsettled usage."

As used in the information, "by" indicates active agency and not merely instrumentality. To denote such active, and personal, agency, the word "by" was employed, and, in our opinion, permissibly so.

If the appellant entertained any doubt as to what was meant, he could easily have dissipated that doubt. If, as he contends, the information charged merely a moral obliquity and not a statutory crime, a demurrer would have quickly disposed of it. The prosecutor could then have readily amended, and the amendment would have eliminated ambiguity and been in technical conformity to the proof on which he intended to, and actually did, rely. But no demurrer was interposed, and we do not believe that appellant was in any way misled. Without pursuing the matter further, we conclude that the information was sufficient to apprise the appellant of the crime charged.

The appellant next contends that it was error on the part of the court to admit in evidence, over

objection, the affidavit of McGillis which contained a statement of the details of the crime and the manner in which it was committed.

McGillis was called as a witness for the state, and after some preliminary question he was asked whether appellant had committed the act which the state was attempting to prove. His answer was in the negative, coupled with an affirmative statement as to the relative position of the two men at the time of the alleged act. This statement by him, if true, would have demonstrated the physical impossibility of the commission of the act. Taken by surprise, the prosecuting attorney then asked the witness whether he had not made a written statement to the contrary. This he denied. The affidavit was then produced, offered and admitted in evidence.

The rule in this state is that, where a party calling a witness is taken by surprise by reason of affirmative testimony by him which is prejudicial to the interests of the party calling the witness, his prior contradictory statement may be shown for the purpose of affecting his credibility. *State v. Simmons,* 52 Wash. 132, 100 Pac. 269; *State v. Catsampas,* 62 Wash. 70, 112 Pac. 1116; *Blystone v. Walla Walla Valley R. Co.,* 97 Wash. 46, 165 Pac. 1049.

There are two reasons, we think, why the affidavit was competent: (1) Although a portion of the statement of the witness while on the stand was in form in the negative, it was, in effect, in the affirmative. It was testimony that the act did not occur. As such, it was adverse and prejudicial to the state's interest. The affidavit made by McGillis, if admitted, would affect his credibility on a matter that was vital to the case. His unexpected negation having the effect of affirmative testimony favorable to the defendant, the state was entitled to depreciate or destroy the weight

of it by prior contradictory statements. The situation was not an illustration of a mere failure to give beneficial testimony, but rather one of giving adverse and prejudicial testimony; (2) In addition to the categorical denial of the act by the witness, he gave further and affirmative testimony which of itself tended to show that the act could not possibly have been committed. This made the affidavit clearly competent. *State v. Simmons, supra; State v. Catsampas, supra; Blystone v. Walla Walla R. Co., supra; State v. Kellogg,* 91 Wash. 665, 158 Pac. 344.

Appellant finally contends that the court committed error in permitting certain witnesses to testify as to the content of the affidavit made by McGillis, in the absence of Fry. The record shows that these witnesses testified only as to the circumstances under which the affidavit was made, and not as to its content.

It appearing that the appellant has had a fair trial, the judgment is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HERMAN, JJ., concur.