[No. 29356. Department Two. November 16, 1944.]

THE STATE OF WASHINGTON, *Respondent*, v. ORAN E. BOGART, *Appellant*.[1]

[1]Reported in 153 P. (2d) 507.

*J. P. Tonkoff* and *Chas. F. Bolin,* for appellant.

*Lloyd L. Wiehl* and *George M. Martin,* for respondent.

MALLERY, J.—The defendant appeals from a conviction of contributing to the delinquency of a minor on one count of an information which alleged the offense as having been committed on Monday, January 31, 1944. The state proved by a handwriting expert, who examined and compared the appellant's signature with certain hotel registers, that he had signed the name Bellington on the registers of the Caledonia and Morrison hotels in the city of Seattle during the preceding week.

The state also proved by the same method that the following written instrument was in the handwriting of the appellant. The instrument was found by the sister-in-law of the minor in the pocket of her jacket which she had worn on the weekend of Saturday, January 29th. It is as follows:

"HOTEL MORRISON
509 Third Avenue
Opposite County-City Building
Seattle, Wash.

"Darling—

"Thursday 4 PM—I have purchased a room here and it is my intention to make connections for you too when you arrive Monday. I will send a telegram and also a letter the first thing in the morning. If you miss one you will get the other. Be sure and call for your mail Sat. before office closes. I have been wondering about M......................... Will she tell that you were not in school Monday and Tuesday. It would probably be best if you went Monday morning and then caught that 11/50 bus out of Yakima. It arrives here 4:35 in the afternoon. Go into the bus station and call a

cab or a taxi and they will bring you to the hotel or if something happens you may call the hotel and ask for Mr. Bellington.

"I will have your room purchased for you. It will be next to mine with bath between. When you get out of the taxi and enter the hotel, go strait back to the waiting room and I will be waiting there. You will be listed as my daughter, so don't forget that when you address or speak to me to call me *daddy*—not *Darling*—ha! ha! The heading of the letter gives the address. I will be in Sumner Monday morning and you can telephone me 153-J, Sumner and ask for me by my right name. I think I will be the only one there so I will answer the call. Phone any time before 9 o'clock in the morning Monday if you can't come or the day or time has to be changed. If everything is as we planned then it won't be necessary to call. If there is no news then I will know that you will be here in the afternoon. If something should *enterfer* after 9 A. M. then call me at the hotel long distance after 1 o'clock. But be sure and call for Bellington if you have to call the hotel. Am hurrying so as to get this out on the night mail. You can leave here the next morning on 7 A. M. bus and you will arrive back in Yakima at 12:36 noon. That will let you go back to school in the afternoon. I think it best that you go to school Mon. morning and Tues. afternoon. Then if M............................ said something it would still be safe. Or if your Dad should try to contact you for some reason it would be safer. Be careful *sweetheart,* and have a good excuse of your whereabouts in case you are questioned. I intended to give you money when I last saw you but it *sliped* my mind so am enclosing $10.00 in this letter to cover expenses. I hope you receive it as I don't want to put any address on the outside of the letter. If I change address or places to meet you I will state it in telegram. If not I will just say all is well. I think that is all, now darling. I will write in the morning again.

"I love you dear and am looking forward to Monday.
"By By
"Oren"

■ The appellant contends that the instrument was inadmissible upon the ground that, since the appellant denied writing it and the minor denied receiving it, it is a case of an inference being based upon an inference. That is to say, it is only an inference that the minor ever had possession of

the instrument, and upon that inference is based the further inference that the appellant wrote and transmitted it to her.

We think this is not a case of an inference being based upon an inference. There was proof that the instrument was written by the appellant. While it was circumstantial evidence, based on expert testimony from a comparison of the instrument with the appellant's writing, yet it was competent evidence and entitled the jury to believe that the appellant wrote the instrument. The finding of the instrument in the pocket of the jacket worn by the minor on the weekend was competent circumstantial evidence that she had had possession of it. Her denial of having had possession of it was impeached by the letter itself, since she acted in accordance with it. See *State v. Fry,* 169 Wash. 313, 13 P. (2d) 491. The denial did not make it inadmissible; it only made an issue of fact for the jury.

The minor, when called as a witness by the state, did not testify as expected. The state claimed surprise and impeached her testimony by producing witnesses who testified to her previous contradictory statements. The court meticulously required the state to lay a proper foundation for impeachment and to frame the impeachment question in the proper form.

Appellant contends that this was error, upon the ground that it was an attempt to prove the state's case by hearsay evidence and was not proper impeachment for the reason that the testimony impeached was negative in character. Of course, a party cannot prove a case by hearsay evidence. The impeachment had no purpose other than to counteract the surprise testimony, which, if believed, would have constituted a complete defense. If the impeachment were wholly successful, it would accomplish no more than to have the witness's testimony disregarded by the jury, in which case, the party calling the witness, though not benefiting from the testimony, would at least not be injured by it. The rule is that, if the surprise evidence is negative, that is to say, does not tend to prove a fact adverse to the interest of the party calling the witnesses, impeachment is not

proper. In no case is the party calling a witness entitled to base his case on hearsay testimony. In this case, the evidence was not negative.

We set out enough of the testimony to illustrate its positive character:

"Q. Did you receive a letter from the defendant? A. I did not. Q. You didn't receive a letter on the morning before you left? A. No. Q. Or on the Saturday of the week before you left? A. No. Q. Never sent a letter? A. No. Q. Has the defendant ever written you a letter? A. No. (letter marked Plaintiff's Id. 1.) Q. Showing you Plaintiff's Id. 1, did you ever see that? A. I saw it in Seattle. Q. Did you ever see it before then? A. No, I did not. Q. You know who wrote that? A. No."

There can be no question but that this type of testimony is positive and not negative. The testimony could not have been more damaging had she been called as a witness for the defense. It was not a case of omission or failure to remember. It was adverse to the party calling the witness and constituted a complete defense. Impeachment was therefore proper. See *State v. Kellogg*, 91 Wash. 665, 158 Pac. 344; *State v. Fry*, 169 Wash. 313, 13 P. (2d) 491; *State v. Thomas*, 1 Wn. (2d) 298, 95 P. (2d) 1036; *State v. Moore*, 182 Wash. 111, 45 P. (2d) 605.

█ The appellant contends that instruction No. 6 was error, because it constitutes a comment on the evidence by the court. It is as follows:

"You are further instructed that a statute of this State provides as follows:

" 'When a public offense has been committed partly in one county and partly in another, or the act or effects constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county.'

"In this regard you are instructed that if the defendant committed or performed any act or acts within Yakima County which constituted the crime charged against him in Count IV, or any material part thereof, and if such facts are found against him by the jury beyond a reasonable doubt, then he may be found guilty of having committed the crime in Yakima County, notwithstanding that some

substantial and material part thereof may have been committed in King County.

"You are further instructed that in order to commit a crime in Yakima County, it was not necessary or essential that the defendant be personally present within Yakima County, it being sufficient if some act of the defendant, *such as the writing of a letter by him to the said one Melton in Yakima County,* caused her to become a delinquent child, as elsewhere herein defined, by placing her in danger of growing up to lead an idle, dissolute · and immoral life, though some of the acts which placed her in danger, *if there were any such acts, occurred in another· county."* (Italics ours.)

It is the contention of the state that this is not a comment upon the evidence, as the court did not state that a letter had been written by the defendant to the prosecuting witness, only "if some act of the defendant, such as the writing of a letter by him . . . caused her to become a delinquent . . . if there were any such acts." This cannot be classified as a comment upon the evidence. It is merely an explanation to the jury of their significance if they found such facts to be true.

In *State v. Mitchell,* 32 Wash. 64, 72 Pac. 707, a case involving robbery, the court gave the following instruction:

" 'You are further instructed that it is not necessary to constitute the stealing or carrying away from the immediate presence of the deceased that it should have been done, if done in his immediate view, where he could see it done, and if you find from the evidence beyond a reasonable doubt that he had made a violent assault upon the deceased by choking him and causing him to fall upon· the ground and that he then took from his pockets the sum of money as charged in the information, then you will find the defendant guilty of robbery as charged in the information.' "

This court held that this was not a comment upon the evidence, and stated:

"While the court would go beyond its province in a discussion of the testimony which would indicate to the jury what weight the court attached to such testimony, yet it may tell the jury, that if it finds certain facts from the testimony, what the law is applicable to such facts, providing, always,

of course, that such instruction must be confined to testimony given in the case."

In *State v. Dukich,* 131 Wash. 50, 228 Pac. 1019, the court gave the following instruction:

" 'Evidence has been admitted in this case tending to show that a purchase of intoxicating liquor was made at the Marga Bar at the corner of Main avenue and Brown street in the city of Spokane on August 24, 1922, by the witness testifying for the state, and that the defendant here received the purchase price therefor. But this evidence, if you believe it, is not to be considered by you as tending to show a different offense than that charged in the information.' "

The defendant in that case claimed that this constituted a comment upon the evidence, but this court held otherwise, saying:

" 'If the judge may, in his charge to the jury, refer to the evidence thus indirectly, there would seem to be no very good reason why he may not do so directly; and we think, so long as the reference made does not amount to an explanation or criticism of the evidence, or assert or assume that a particular fact is proven thereby, it matters little what form the reference takes.' "

■ The appellant's contention that there were insufficient facts upon which to submit the case to the jury, upon the ground that no act was shown which would give Yakima county jurisdiction of the action, is without merit.

Instruction No. 6, *supra,* clearly states the law. See Rem. Rev. Stat., § 2013 [P. C. § 9391]; *State v. Knutsen,* 168 Wash. 633, 12 P. (2d) 923; and Rem. Rev. Stat., § 208 [P. C. § 8542-3].

■ The appellant's challenge to the sufficiency of the evidence is not sound. In addition to the facts heretofore referred to, it further appeared that the minor stayed out of school in Yakima on the Monday in question, did take the bus to Seattle, and met the appellant at the bus station, where they were seen together in a taxicab. The jury had a right to believe that a minor girl who left school and went to Seattle in response to and in accordance with the written

instrument heretofore set out, was in danger of becoming a delinquent child as a result of appellant's acts.

The judgment is affirmed.

BEALS, BLAKE, and ROBINSON, JJ., concur.

SIMPSON, C. J., concurs in the result.