[No. 32071. Department One. June 23, 1953.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES L. OLSEN, *Appellant.*[1]

*James P. Dillard* and *Edward W. Robertson,* for appellant.

*Willard A. Zellmer,* for respondent.

HILL, J.—James L. Olsen was charged with sodomy in that he "did . . . carnally know with the mouth and tongue . . . a female child under the age of fifteen years." After a trial to the court (as provided for by Laws of 1951, chapter 52, § 1, p. 147; RCW 10.01.060), he was found guilty. From a judgment and sentence entered in accordance with that finding, he appeals.

The prosecuting witness was six years old at the time of the alleged offense, and seven at the time she testified. The assignments of error challenging her competency and the rulings of the trial court in refusing to permit the showing of repeated recitations by the mother in the presence of the child as to what the child would testify, give us serious concern. However, those assignments of error need not be considered if the appellant is correct in his contention that the crime of sodomy was not proved.

[1] Reported in 258 P. (2d) 810.

The state's case rests upon the testimony of the child, and there is no suggestion that her sexual organ was penetrated by appellant's mouth or tongue. The question is raised here, for the first time in this state, whether such a penetration is necessary to constitute sodomy when the offense is charged to have been committed as in the present case.

The Washington sodomy statute reads as follows:

"Every person who shall *carnally know* in any manner any animal or bird; or who shall *carnally know* any male or female person by the anus or with the mouth or tongue; or who shall voluntarily submit to such *carnal knowledge*; or who shall attempt sexual intercourse with a dead body, shall be guilty of sodomy and shall be punished as follows:

" (1) When such act is committed upon a child under the age of fifteen years, by imprisonment in the state penitentiary for not more than twenty years.

" (2) In all other cases by imprisonment in the state penitentiary for not more than ten years." (Italics ours.) Laws of 1937, chapter 74, § 3, p. 321; Rem. Rev. Stat. (Sup.), § 2456; *cf.* RCW 9.79.100, the wording of which is slightly different.

This statute was § 204 of the criminal code of 1909 (Laws of 1909, chapter 249, p. 890). Its amendment in 1937 did not change the definition of the crime but did extend the maximum period of punishment from ten to twenty years in the penitentiary when committed upon a child under the age of fifteen years.

It will be noted that two classes of persons can be guilty of sodomy (omitting from consideration acts involving animals and birds): (1) every person who shall *carnally know* any male or female person in the manner referred to in the statute; and (2) every person who voluntarily submits to such *carnal knowledge*. The words "Every person" indicate that it was contemplated that either sex might be the offender in either class.

We are concerned with the meaning of the words "carnally know" and "carnal knowledge" as they are used in the foregoing statute. Referring back to the 1909 criminal code, we find only two other sections which are of assistance in such an inquiry, *i.e.*, §§ 184 and 185.

Section 184 was what is known as the carnal knowledge statute and, so far as material, read as follows:

"*Carnal Knowledge of Children.* Every person who shall carnally know and abuse any female child under the age of eighteen years, not his wife, shall be punished as follows: . . ."

(This was amended by Laws of 1937, chapter 74, § 1 (Rem. Rev. Stat. (Sup.), § 2436), by making "Every person" read "Every adult male person" and by adding thereto "and every female person who shall have sexual intercourse with any male child under the age of eighteen years, not her husband," and by a change in the penalties. It was again amended, by Laws of 1943, chapter 112, § 1, p. 256 (Rem. Supp. 1943, § 2436), by changing "Every adult male person" to "Every male person" and again changing the penalties. The wording in RCW 9.79.020 is slightly different from that used in the 1943 amendment.)

Section 185 read as follows:

"*Sexual Intercourse and Carnal Knowledge Defined.* Any sexual penetration, however slight, is sufficient to complete sexual intercourse or carnal knowledge." Rem. Rev. Stat., § 2437; now RCW 9.79.030.

This section immediately followed the sections dealing with rape (§ 183) and carnal knowledge (§ 184) in the 1909 code, and has been similarly placed in all codifications, including the current Revised Code of Washington.

■ However, since to "carnally know" or "carnal knowledge" is a requisite of sodomy, and penetration, "however slight," is a requisite of carnal knowledge, we are constrained to hold that penetration, however slight, must be established if a conviction for sodomy is to be sustained.

In discussing the meaning of "carnal knowledge" in *In re Clark,* 24 Wn. (2d) 105, 114, 163 P. (2d) 577 (1945), we said that the words

". . . not only have a common acceptation but are defined in Rem. Rev. Stat., § 2437 [P. P. C. § 118-185] [now RCW 9.79.030], in accordance with that acceptation, as 'any sexual penetration, however slight.' "

We have recently indicated that a mere touching of ·a female child's sexual organ with that of a male, without penetration, does not constitute carnal knowledge. *State v. Bigger,* 34 Wn. (2d) 69, 208 P. (2d) 102 (1949).

In line with our usage of the phrases "carnally know" and "carnal knowledge" are connotations of the verb "know" and the noun "knowledge" as defined in Webster's New International Dictionary (2d ed.), unabridged, the former being "to have sexual intercourse with," and the latter, "sexual intercourse."

It is certain that either the male or the female sexual organ must be involved before there can be carnal knowing of one person by another within the purview of the sodomy statute. The only sexual organ involved in this case is that of the female. We cannot hold that a touching of that organ with the mouth or tongue constitutes carnally knowing the female, since touching it with the male sexual organ does not constitute carnal knowledge. That there can be such penetration by the mouth and tongue is recognized, and it has been held to constitute sodomy. *Comer v. State,* 21 Ga. App. 306, 94 S. E. 314 (1917).

It may be noted that if penetration were not a requisite to carnally knowing a female under such circumstances, we would have no criterion by which to determine where the taking of indecent liberties in violation of RCW 9.79.080 (*cf.* Rem. Rev. Stat. (Sup.), § 2442) ends and sodomy begins, particularly when the female involved is under fifteen years of age.

If the testimony of the prosecuting witness was true and the appellant was guilty of taking indecent liberties, he could be punished as severely under that charge as if found guilty of sodomy. Electing to charge him with the latter crime, the state assumed the obligation of proving the additional element of penetration, which it did not do.

Reversed, with instructions to dismiss the charge.

GRADY, C. J., MALLERY, WEAVER, and OLSON, JJ., concur.