[No. 39349.    Department Two.    February 29, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM M. HUJUS, *Appellant*.*

*Patrick & Zylstra*, by *Ted D. Zylstra*, for appellant (appointed counsel for appeal).

*Richard L. Pitt* and *Edward C. Beeksma*, for respondent.

HILL, J.—The defendant, William Hujus, appeals from a conviction on 8 counts of grand larceny.

Between June 24 and July 18, 1965, the defendant—representing himself to be a representative of "Nationwide Publications"—entered into written contracts with eight business and professional men on Whidbey Island for the sale of advertising space on a telephone book cover which the defendant represented was to be printed and placed on the telephone books at the Whidbey Island Naval Air Station pursuant to authority he had received from an officer at the station. The covers were to be delivered within 60 to 90 days. Each of the eight gave defendant a check for $75 or more, which he cashed. The same advertising space was, in some instances, sold to more than one individual.

The defendant was not an employee of "Nationwide Pub-

*Reported in 438 P.2d 212.

lications"; he had no authority to place the covers on the telephone books at the Naval Air Station; the covers were never delivered; nor were they ever printed.

During the course of the trial on the eight counts of grand larceny, the state called—in addition to the eight business or professional men involved in the eight contracts —an additional 12 witnesses who testified to similar transactions with the defendant over a period from July, 1964, to February, 1966.

The jury found the defendant guilty on all eight counts.

It is difficult to imagine a case where guilt was more conclusively established. Indeed, the principal contention on appeal is that the state proved too much; and that the 12 additional witnesses who testified to similar transactions, thus established 12 additional crimes. This, it is urged, was grossly prejudicial to the defendant.

Certainly, it was not helpful to him, but the state was clearly entitled to present the evidence which the defendant so bitterly assails. The purposes for which evidence of similar transactions, which in themselves may be criminal offenses, may be introduced by the state have been frequently stated. See *State v. Goebel*, 36 Wn.2d 367, 369, 218 P.2d 300 (1950); and, more recently, *State v. Harrison*, 72 Wn.2d 737, 739, 435 P.2d 547, 549 (1967), and cases cited therein. Such evidence is admitted, not to prove a propensity to a certain type of crime, but to establish (1) motive; (2) intent; (3) absence of accident or mistake; (4) a common scheme or plan; and (5) identity. (In the *Goebel* case, *supra*, these five are said not to be exclusive.)

Instruction No. 12 correctly charged the jury as to the purposes for which the testimony concerning transactions similar to the crimes charged in the information could be considered by the jury, and adequately protected the defendant. The fact that it was more complete than the oral admonitions given the jury at the time the testimony concerning these transactions was received, could not have confused the jury. Evidence of these transactions was admissible for any or all the purposes indicated, and the fact that the trial court had—in its earlier admonitions—specifi-

cally limited the consideration of the evidence to the establishment of a scheme or plan was helpful and not prejudicial to the defendant.

The defendant urges that it was error to have permitted a deputy sheriff of Snohomish County to repeat statements the defendant had made to him regarding a transaction for the sale of telephone book covers in which the defendant had been involved in the Everett area in 1964.

No authority is cited by the defendant in his brief in support of this assignment of error, and we see no error in the admission of the deputy sheriff's testimony, the trial court having admonished the jury that "it may be considered by you only as it may relate to such things as intent, motive, plan of operation or system."

The defendant also claims error because his motion for a change of venue was denied.

There is no showing of passion or prejudice in the community made here on appeal; no instance of adverse or damaging publicity. The objection seems to be that of the 27 witnesses called by the state, 12 were from Island County; that they were respected and prominent citizens of a relatively small county; and, in addition, the state on cross-examination asked the defendant about advertising sales to 28 additional persons or businesses.

The defendant was aware of the names of all but one of the 12 witnesses from Island County before trial (that one being from the Naval Air Station), and the jurors could have been examined as to their acquaintanceship with and knowledge of these witnesses. The same is true of the 28 additional persons or businesses, concerning whom or which the defendant was asked on cross-examination, as they were all names appearing in an exhibit introduced by the defendant himself.

The record is completely void of any claim or evidence of actual prejudice such as was established in *State v. Olds*, 39 Wn.2d 258, 235 P.2d 165 (1951), cited in support of this assignment of error by the defendant-appellant.

The granting or denying of a motion for a change of venue on the ground of local prejudice is discretionary

with the trial court, and will not be reversed unless there is an abuse of discretion. *State v. Sayward,* 63 Wn.2d 485, 387 P.2d 746 (1963); *State v. Collins,* 50 Wn.2d 740, 314 P.2d 660 (1957). We find no abuse of discretion in this case.

The final claim of error is that the trial court failed to grant a mistrial. The circumstances will be briefly stated. As each witness to a similar transaction testified, the trial court would give a cautionary instruction to the effect that the jury was not to consider the testimony of the witness as evidence of guilt on any of the charges contained in the information, but "only as it bears upon any plan or system of operation of the defendant." When the witness John Breidford, Jr., completed his testimony, the trial court said:

> [T]he testimony of this witness will be considered by the Jury exactly in the same manner as the other evidence which has been submitted with respect to a crime not contained within the eight counts of the Information.

Whereupon, the following occurred:

> Mr. Baker [counsel for defendant]: I will have to except to the Court's statement of "Other crimes." The Court: Alleged crime, excuse me. Mr. Baker: I now move for a mistrial because I think that—The Court: Your motion will be denied.

Before the next witness began to testify, the court made the further statement:

> The Jury, with respect to the exceptions taken by Mr. Baker, the Jury will remember what I previously told you, . . . .

It is the defendant-appellant's contention that by the use of this language the trial court let the jury know that it thought the similar transactions constituted other crimes, and thus it would be logical to infer that the charges contained in the information were also crimes.

The slip of the tongue by the trial court was immediately corrected, and the limited purpose for which evidence of similar transactions was received was emphasized again and again with other witnesses (at least ten times). The written instructions to the jury made the limited purpose of such testimony clear.

In view of the number of times the jury was correctly instructed, we cannot believe it was misled by this hastily corrected lapsus linguae.

The conviction appealed from is affirmed.

FINLEY, C. J., HUNTER and NEILL, JJ., and EVANS, J. Pro Tem., concur.

April 23, 1968. Petition for rehearing denied.