[No. 387-1. Division One—Panel 2. March 22, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES C. ROBINSON, *Appellant*.

**516**

Webster, Kroum, McCann, Bass & Mack and Gary F. Bass, for appellant (appointed counsel for appeal).

Christopher T. Bayley, Prosecuting Attorney, and C. N. Marshall, Deputy, for respondent.

SWANSON, J.—Late one September night in Seattle's Seward Park, three male intruders forced at gunpoint a young man and a girl companion out of the parked car where they were sitting, into a secluded area nearby, and compelled them to disrobe. The young man was forced to perform oral contact with the girl's sexual organs, and the girl was forced to have oral contact with the sexual organs of one of the three men who was later identified as the defendant Robinson. The three men departed, taking personal property belonging to each of the prosecuting witnesses. Defendant Robinson was charged with two counts of armed robbery, and sodomy. He was found guilty of all three counts, and the jury returned a special verdict that the defendant was armed with a deadly weapon at the time of the commission of both counts of robbery. The defendant appeals and makes four assignments of error.

■ Defendant Robinson first assigns error to the admission into evidence of exhibit 11 which is a form filled out by the complaining witness at the time of the lineup identification. The defendant argues that this statement is hearsay evidence in that it was offered as an assertion to show the truth of the matters therein and dependent upon the credibility of an out-of-court asserter. There is no merit to this assignment of error. The only objection made to the admission of this evidence at trial was that exhibit 11 was a filled-out form rather than a blank form. No objection was made on the basis of hearsay. An argument made for the first time on appeal cannot be considered. *State v. Scott*, 77 Wn.2d 246, 461 P.2d 338 (1969). Further, exhibit 11 was only offered by the prosecution after defense counsel asked the police officer on cross-examination whether he had in his possession the form he had been describing. The state simply produced the form about which

defense counsel had been inquiring and offered it into evidence. No question was raised as to its authenticity or proper identification. The identification form which had been filled out by the complaining witness was not offered for the truth of the identification. The complaining witness had already testified to the facts surrounding the identification of the defendant. It was therefore offered only to refute the allegations and implications raised by defense counsel that something was irregular in filling out the form or that the lineup procedure was improper. Exhibit 11 was properly admitted.

 Secondly, defendant claims the information does not charge facts sufficient to constitute the crime of sodomy in count 3 of the information. The information charged the crime of sodomy in this language:

> He, the said James Robinson, . . . willfully, unlawfully and feloniously did cause one . . . , a female person over the age of fifteen years, *to carnally know said defendant by the mouth and tongue.*

(Italics ours.) Sodomy is defined under RCW 9.79.100 in this language:

> Every person who shall carnally know . . . any male or female person . . . with the mouth or tongue; or who shall voluntarily submit to such carnal knowledge; . . . shall be guilty of sodomy . . .

The conflict arises, defendant says, when the information charges him with causing the prosecuting witness to carnally know him by mouth and tongue, whereas the statute does not make unlawful the act of *causing* someone to carnally know him in the manner described. The unlawful act is the defendant's voluntary submission to such carnal knowledge.

Even though the information does not follow the specific language of the statute and is vulnerable to the criticism contained in defendant's argument, it is clear to anyone of ordinary understanding that if a defendant is charged with forcing someone to perform oral sodomy on him, he,

of necessity, had to voluntarily submit to it. RCW 10.37-.052(2) states that the information need only contain a statement of facts constituting the offense that enables a person of common understanding to know what is intended. No question arose in the defendant's mind or in the mind of trial counsel, for no objection was raised at any time to the trial court.[1]

Further, it ought to be pointed out that the defendant took no exceptions to the instructions given defining the crime of sodomy. This assignment of error has no merit.

■ Defendant next assigns error to the court's instructions 8, 9, and 10, claiming them to be inconsistent and contradictory. No objection was taken to any of these instructions, and no constitutional right of the accused was invaded; thus, we will not consider them. *State v. Robinson,* 78 Wn.2d 479, 475 P.2d 560 (1970); *State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968); *State v. Green,* 70 Wn.2d 955, 425 P.2d 913 (1967). Further, no obvious or manifest injustice resulted from the complained of instructions. *See State v. Olsen,* 42 Wn.2d 733, 258 P.2d 810 (1953).

■■ Finally, defendant asserts that the state's counsel is guilty of misconduct committed by this line of questioning:

Q And did one man come back to you? A Yes. Q And what occurred at this time? A I don't remember. Q Did he attempt to rape you at that time? A Yes. MR. STONE: Objection. Q (By Mr. Marshall) And after this occurred, did they leave? A Yes.

We find no misconduct. The line of questioning complained of goes to show motive, intent, absence of accident or mistake, and, particularly, identity. Evidence of crimes not charged is admissible under such circumstances. *State v. Cartwright,* 76 Wn.2d 259, 262, 456 P.2d 340 (1969); *State*

[1]Normally, errors not considered in the lower court may not be considered on appeal. However, the objection that the complaint does not state sufficient facts to constitute a cause of action may be taken at any time. CAROA 43. *Capper v. Callahan,* 39 Wn.2d 882, 239 P.2d 541 (1952).

*v. Hames,* 74 Wn.2d 721, 446 P.2d 344 (1968); *State v. Hujus,* 73 Wn.2d 240, 438 P.2d 212 (1968); *State v. Goebel,* 36 Wn.2d 367, 218 P.2d 300 (1950). Further, the evidence of attempted rape was only one of the various facts and circumstances connected with the continuous conduct for which the defendant was prosecuted. Criminal acts which are an inseparable part of a whole deed are admissible. *State v. Niblack,* 74 Wn.2d 200, 443 P.2d 809 (1968). In addition, the other prosecuting witness had already testified to the matter of the attempted rape, and this testimony had come in without objection. Further, trial counsel stated no grounds for his objection. He cannot now complain.

Judgment affirmed.

FARRIS, A.C.J., and JAMES, J., concur.