[No. 1594-2.   Division Two.   February 21, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. FLOYD BENSON SAWYER, *Appellant*.

*Richard B. Sanders*, for appellant.

*Donald F. Herron, Prosecuting Attorney*, and *Joseph D. Mladinov, Special Counsel*, for respondent.

PETRIE, J.—The issue presented by this appeal is whether or not fellatio is an act subject to the statutory definition of the crime of sodomy, RCW 9.79.100. We hold that it is.

Detailed facts of the case are unnecessary to a determination of this issue. Suffice it to say that the defendant, Floyd

Benson Sawyer, compelled a 10-year-old female child to perform an act of fellatio on him. She was a member of a family visiting the Sawyer home, and this conduct occurred in the basement of the home, just out of sight of several other children. Sawyer was charged with the crime of sodomy by information alleging that he did "compel . . . a female of the age of ten years, to carnally know him the said defendant with the mouth or tongue." He was convicted of the crime charged, by the trial judge sitting without a jury, and sentenced to not more than 20 years in prison.

RCW 9.79.100 provides:

> Every person who shall *carnally know* in any manner any animal or bird; or who shall *carnally know* any male or female person by the anus or with the mouth or tongue; or who shall voluntarily submit to such carnal knowledge; or who shall attempt sexual intercourse with a dead body, shall be guilty of sodomy and shall be punished as follows:
>
> (1) When such act is committed upon a child under the age of fifteen years, by imprisonment in the state penitentiary for not more than twenty years.
>
> (2) In all other cases by imprisonment in the state penitentiary for not more than ten years.

(Italics ours.)

Sawyer's primary contention is that fellatio is not proscribed by RCW 9.79.100, because a necessary element of the crime is that the defendant "carnally know" the victim. He equates "carnal knowledge" with "sexual intercourse." For this he finds superficial support in RCW 9.79.030.[1] We do not agree with this assertion.

Though this precise challenge to the statute has not been previously made, traditionally acts of fellatio have been prosecuted under RCW 9.79.100 and such convictions upheld by our courts. *See State v. Rhinehart*, 70 Wn.2d 649, 424 P.2d 906, *cert. denied*, 389 U.S. 832 (1967); *State v.*

---

[1] RCW 9.79.030 states in part:

"Any sexual penetration, however slight, is sufficient to complete sexual intercourse or carnal knowledge."

*Collier*, 23 Wn.2d 678, 162 P.2d 267 (1945); *State v. Fry*, 169 Wash. 313, 13 P.2d 491 (1932); *State v. Robinson*, 4 Wn. App. 515, 483 P.2d 144 (1971).

Sawyer relies primarily upon *State v. Olsen*, 42 Wn.2d 733, 258 P.2d 810 (1953). In *Olsen*, the defendant was charged with sodomy by carnally knowing a young girl with the mouth and tongue, that is, putting his mouth to her sexual organ. The court held that because carnal knowledge is a requisite of sodomy and penetration is a requisite of carnal knowledge (RCW 9.79.100; RCW 9.79.030) penetration is a requisite of sodomy. It reversed the conviction because it found no proof that any penetration of her vagina actually occurred.

The penetration requirement of *Olsen* is met here. *Olsen* does not require that in all cases the female sexual organ be penetrated. The court there even indicated that *"either* the male or the female sexual organ must be involved before there can be carnal knowing of one person by another within the purview of the sodomy statute." (Italics ours.) *Olsen* at page 736. Though there are cases discussing penetration as penetration of the female sexual organ, they are not applicable here. *See, e.g., State v. Ray*, 63 Wn.2d 224, 386 P.2d 423 (1963); *State v. Snyder*, 199 Wash. 298, 91 P.2d 570 (1939). Each dealt with the crime of rape or carnal knowledge; the act in each involved contact with the female sexual organ, and the question was whether such penetration did in fact occur. RCW 9.79.100 itself encompasses certain acts between males, in which case, of course, a female sexual organ would not even be involved. Accordingly, we hold that fellatio is an act falling within the statutory definition of sodomy.

Sawyer's additional contention—that the sodomy statute is void for vagueness—is answered by *State v. Rhinehart, supra*. There the Supreme Court held that RCW 9.79.100 gives fair warning of what acts are punishable under it, including that conduct punished there. The statute may be broad, but it is certainly explicit. In *Rhinehart*, the

male defendant was charged with sodomy by carnally knowing another male with the mouth or tongue—obviously fellatio.

The judgment is affirmed.

PEARSON and ANDERSEN, JJ., concur.

Petition for rehearing denied March 31, 1975.

Review denied by Supreme Court May 20, 1975.