[No. 1087-3.    Division Three.    April 3, 1975.]

THE STATE OF WASHINGTON, *Respondent,* v. JACK HAROLD JESKE, *Appellant.*

*Perry J. Robinson,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *J. Eric Gustafson, Deputy,* for respondent.

GREEN, J.—Defendant appeals a conviction for grand larceny by welfare fraud.[1]

From February 1971, until June of 1972, defendant intermittently received food stamps. For each bimonthly receipt

---

[1] RCW 74.08.331 provides in part:

"Unlawful practices—Obtaining assistance—Disposal of realty—Penalties. Any person who by means of a wilfully false statement, or representation, or impersonation, or a wilful failure to reveal any material fact, condition or circumstance affecting eligibility of need for assistance, including medical care, surplus commodities *and food stamps,* as required by law, or a wilful failure to promptly notify the county office in writing as required by law or any change in status in respect to resources, or income, or need, or family composition, money contribution and other support, from whatever source derived, or any other change in circumstances affecting his eligibility or need for assistance, or other fraudulent device, obtains, or attempts to obtain, or aids or abets any person to obtain any public assistance to which he is not entitled or greater public assistance than that to which he is justly entitled shall be guilty of grand larceny and upon conviction thereof shall be punished by imprisonment in the state penitentiary for not more than fifteen years." (Italics ours.)

RCW 74.04.005 provides in part:

"Definitions. For the purposes of this title, unless the context indicates otherwise, the following definitions shall apply:

"(1) 'Public assistance' or 'assistance'—Public aid to persons in need thereof for any cause, including services, medical care, assistance grants, disbursing orders, work relief, general assistance *and federal-aid assistance.*" (Italics ours.)

of food stamps, he signed a recertification form which included statements as to income and resources, a declaration that the information on the recertification form was true and correct, and a proviso that the recipient would notify the department of public assistance immediately if any changes in the information supplied occurred. At each recertification time, defendant affirmatively represented to the public assistance personnel that he had no income or resources other than some minimal amounts.

The State introduced evidence showing: (1) defendant's wife received income from asparagus crops during the months of April through July in 1971 and 1972, *i.e.*, a total of $1,918.33 and $1,889.88, respectively; (2) on August 24, 1971, defendant and his wife opened a joint savings account with a $4,000 deposit and the balance of that account remained at or above $4,000 through June of 1972; and (3) during the period of January 1972 through May of 1972, defendant received approximately $6,512 from the Department of Labor and Industries from time-loss compensation. None of the above-mentioned monies were declared by the defendant on the applicable recertification forms for food stamps dated April 1, 1971, through June 26, 1972.

The first issue is whether the information is defective. The charging part of the amended information reads:

> JACK HAROLD JESKE, on or about between the 1st day of April, 1971, and the 30th day of June, 1972, within Yakima County, Washington, then and there being, did then and there knowingly, willfully and feloniously by means of a willfully false statement or representation or a willful failure to reveal any material fact, condition or circumstances affecting eligibility of need for assistance, obtain from the State of Washington, Division of Public Assistance, certain Public Assistance, to-wit: Food stamps of the United States, to which public assistance the said JACK HAROLD JESKE was not justly entitled, . . .

Defendant contends that the information is defective because it did not include an essential element of the crime charged, *i.e.*, it failed to allege, in the words of the statute,

that defendant's criminal omission consisted of a failure to notify the department of a change as "required by law." *State v. Walters*, 8 Wn. App. 706, 508 P.2d 1390 (1973). We disagree.

If a statute sets forth several ways of committing a single crime, an information may specify any or all of the several ways in which the crime charged was allegedly committed. *State v. Parmentor*, 74 Wn.2d 343, 444 P.2d 680 (1968). Additionally, the information is good if any one of the charges is good. *State v. Parmentor, supra; State v. Hull*, 182 Wash. 681, 48 P.2d 225 (1935).

As observed in *State v. Walters, supra* at 707-08:

> [T]he gravamen of the statutory crime [RCW 74.08.331] is obtaining (or attempting to obtain, or aiding or abetting another to obtain) public assistance to which one is not entitled (or greater public assistance than that to which one is justly entitled) "by means of" *one or more* of the statutorily condemned devices: (1) willfully false statement (or representation or impersonation); or (2) willful failure to reveal any material fact, condition or circumstance, affecting eligibility or need, *as required by law*; or (3) willful failure to promptly notify the department *as required by law* of (A) any change in status in respect to resources, or income, or need, or family composition, etc., or (B) any other change in circumstances affecting eligibility or need for assistance; or (4) other fraudulent device.

(Italics ours.) While the information may have been inartfully drawn, it nevertheless sufficiently charged the crime, pursuant to (1) in *Walters*, for which defendant was convicted. Furthermore, in our view, the absence of the language "as required by law" with regard to the second way, *i.e.*, (3)(B), in *Walters*, to which the crime was allegedly committed is not a fatal defect. RCW 10.37.056(2).[2] *State v.*

---

[2]RCW 10.37.056(2) provides:

"No indictment or information is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of any of the following matters, which were formerly deemed defects or imperfections:

". . .

*Walters, supra,* notwithstanding.

RCW 10.37.050 provides:

> The indictment or information is sufficient if it can be understood therefrom—
>
> . . .
>
> (6) That the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended;

The information apprised defendant with reasonable certainty of the nature of the accusation against him so that he could prepare his defense. *State v. Royse,* 66 Wn.2d 552, 403 P.2d 838 (1965); *State v. Thomas,* 73 Wn.2d 729, 440 P.2d 488 (1968).

██ The second issue is whether the crime charged is punishable only in federal court.

As observed in 4 R. A. Anderson, *Wharton's Criminal Law and Procedures* § 1483, at 38 (1957):

> One act may constitute an offense against both sovereignties, and in such a case both the federal and state courts have jurisdiction of the offense, *unless the Federal Constitution or an act of Congress gives exclusive jurisdiction to the federal courts.*

(Footnotes omitted. Italics ours.) *Cf. Abbate v. United States,* 359 U.S. 187, 3 L. Ed. 2d 729, 79 S. Ct. 666 (1959). *See* W. R. LaFave & A. W. Scott, *Criminal Law* 114 (1972). Defendant has not cited this court to any section of the applicable federal law which gives exclusive jurisdiction in the area of obtaining food stamps by fraud to the federal courts. We agree with defendant that the State of Washington does not have power to punish violations of federal law; however, under the federal food stamp program, food stamps are allotted to the states for distribution to its citizenry, the states being responsible for certification of households and issuance of food stamps. 7 U.S.C.A. § 2019.

---

"(2) For the omission of any of the following allegations, namely: 'With force and arms,' 'contrary to the form of the statute or the statutes,' or 'against the peace and dignity of the state;' "

RCW 74.08.331 is a rightful exercise of this state's police power to guard against fraud in their distribution.[3] Defendant's actions directly affect the State of Washington and its citizens as taxpayers and, consequently, are punishable in this state. *State v. Coss*, 12 Wash. 673, 42 P. 127 (1895).

■ The instructions which defendant seeks to challenge were not excepted to at trial. Consequently, the challenges will not be considered. *State v. Robinson*, 4 Wn. App. 515, 518, 483 P.2d 144 (1971); *State v. Stevens*, 69 Wn.2d 906, 421 P.2d 360 (1966). Notwithstanding, the instructions considered as a whole accurately presented for the jury the parameters within which it was to examine the defendant's conduct. *See State v. Hartley*, 25 Wn.2d 211, 224, 170 P.2d 333 (1946).

Because the defendant failed to make proper objections in the trial court to the admission of certain evidence, he is precluded from challenging its admission on appeal.

Judgment affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied June 17, 1975.

Review granted by Supreme Court September 5, 1975.