[No. 43831.    En Banc.    November 24, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JACK HAROLD JESKE, *Petitioner*.

*Perry J. Robinson,* for petitioner.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *J. Eric Gustafson* and *Robert Hackett, Deputies,* for respondent.

ROSELLINI, J.—The petitioner was charged with a violation of RCW 74.08.331, the information alleging that he had obtained money from the Department of Public Assistance by "knowingly, willfully and feloniously by means of a willfully false statement or representation or a willful failure to reveal any material fact, condition or circumstances affecting eligibility of [or] need for assistance." The information did not include the words "as required by law" which, in the statute, follow the words "failure to reveal any material fact, condition or circumstance affecting eligibility of [or] need for assistance, including medical care, surplus commodities and food stamps".

The prosecutor's evidence showed that the petitioner received food stamps rather than money; and upon his motion, acquiesced in by the petitioner, the information was amended to conform to the proof.

The evidence showed that from January through May 1972, the petitioner had received approximately $6,512 from the Department of Labor and Industries as time loss compensation; that he and his wife maintained a joint savings account of $4,000 or more from August 1971 to June 1972, and that petitioner's wife had received income from asparagus crops grown on their property amounting to approximately $3,800. The petitioner's testimony was that he had advised the Department of Public Assistance of all money received. The State's witnesses and exhibits contradicted this testimony.

The jury was instructed that, under a regulation adopted by the Department of Public Assistance, income and resources of a recipient are material facts, conditions, and circumstances which affect eligibility of/or need for assistance. It was told that a "recipient" is a person receiving public assistance, including food stamps, or currently approved to receive public assistance at any future date; and that the term "resource" means any asset, tangible or intangible, which can be applied toward meeting a recipient's need. It was further instructed that by a regulation adopted by the Department of Public Assistance, an applicant may

not have nonexempt resources in excess of $1,500 for his household and that resources include cash on hand or in bank accounts and nonrecurring lump sum payments. Exempt resources, it was told, include a home and lot, automobile, personal effects and household goods, and income-producing property.

The jury was instructed in the words of RCW 74.08.331 as follows:

> A statute of the State of Washington provides that:
> Any person who by means of a willfully false statement or representation, or impersonation, or a willful failure to reveal any material fact, condition or circumstance[s] affecting eligibility of need for assistance, . . . including food stamps, . . . as required by law, . . . obtains or attempts to obtain . . . any public assistance to which he is not entitled or greater public assistance than that to which he is justly entitled shall be guilty of grand larceny . . .
> This is a felony under the laws of the State of Washington.

Instruction No. 13.

There was a further instruction that by a regulation adopted by the Department of Public Assistance, a recipient has the responsibility to report all changes in circumstances which affect his continuing eligibility for assistance within 30 days of the change in circumstances.

The jury returned a verdict of guilty which was affirmed by the Court of Appeals. (*State v. Jeske*, 13 Wn. App. 118, 533 P.2d 859 (1975).) The petitioner asked this court to review the opinion of the Court of Appeals, contending that it was in conflict with *State v. Walters*, 8 Wn. App. 706, 508 P.2d 1390 (1973), decided by Division Two of the Court of Appeals, insofar as it held that the failure to include in the information the words "required by law" did not render that pleading fatally defective. The petition was granted.

It is the contention of petitioner's counsel that he was misled by the omission of the statutory language "as required by law." He does not suggest that the petitioner was unaware that he was required to report his income and

resources under state law. These facts are required to be revealed under RCW 74.04.300. Rather, counsel declares that the words "as required by law," had they been included, would have alerted him to the possibility that the particular items of income did not affect the petitioner's eligibility under the applicable federal law.

In support of his contention that the sums of money which he and members of his household received were not required by law to be reported, the petitioner cites 7 C.F.R. § 271.3 (1971). The only provisions of the regulations which he cites are 7 C.F.R. § 271.3 (c) (1) (ii) (e), excluding insurance settlements and other similar lump sum payments from the definition of income for purposes of determining eligibility for food stamps, and 7 C.F.R. § 271.3(c)(4)(iii)(b), which excludes income-producing properties from the definition of "resources." It is not shown how the sums which were received in his household fit within either of these categories.

Income is defined in 7 C.F.R. § 271.3 (c) (1) (i) (b) as "net income from self-employment, which shall be the total gross income from such enterprise . . . less the cost of producing that income." Another section 7 C.F.R. § 271.3 (c) (2) (ii), expressly refers to farming as employment. Thus, it would appear that the income from the asparagus crops affected eligibility under the regulations. Furthermore, section 271.3 (c) (4) (i) provides that the maximum allowable resources of all members of the household shall not exceed $1,500, and under subparagraph (ii) (a) of this paragraph, "resources" include liquid resources which are readily negotiable. The sums of money received by the petitioner and his household, whether or not they were defined as income, would fall within this definition, and affect eligibility. Upon this question, *see Anderson v. Morris*, 87 Wn.2d 706, 558 P.2d 155 (1976).

7 C.F.R. § 271.3 (a) (1) requires the cooperation of a recipient in providing information necessary for making a determination of eligibility.

Under 7 U.S.C. § 2014 (1971), the Secretary of Agri-

culture, in consultation with the Secretary of Health, Education, and Welfare, is directed to establish uniform national standards of eligibility for participation in the food stamp program, and participating states are required to meet these standards. Our examination of the regulations promulgated pursuant to the authority conferred in this statute discloses no inconsistency with the law of this state as given to the jury in the instructions of the court in this case.[1] It is therefore obvious that the fact that the information, as worded, did not alert counsel to the possible applicable federal law, did not prejudice his client's defense.

There remains the question whether the omission of the words "as required by law" was a defect which vitiated the proceeding. The petitioner contends that it was, citing *State v. Walters, supra*. The question in that case was whether the defendant was required by law to report that she had entered upon a meritricious relationship with another. The Court of Appeals held that such reporting was not required and, since the jury may have rested its verdict on the failure to report this circumstance, the conviction could not be sustained. In that case the defendant's objections to the sufficiency of the information and of the proof were raised at timely intervals throughout the trial.

Here the petitioner did not challenge the sufficiency of the information or object to its amendment and took no exception to the instructions which were given. Under those instructions, the petitioner was required to report the resources which he and his household received and those resources affected eligibility for food stamps. As we have heretofore concluded, the incorrectness of those instructions has not been demonstrated.

The court in *State v. Walters, supra*, said in the course of its opinion that, in a prosecution under RCW 74.08.331, it is necessary to allege and prove not only that

---

[1] *See Anderson v. Morris*, 87 Wn.2d 706, 558 P.2d 155 (1976), holding that where the State administers federal aid, its statutes and regulations must conform to federal laws and regulations upon the subject.

the fact which was not reported affected eligibility, but also that it was required by law to be reported. With this general principle we are in accord. It is the rule that the information must state the facts constituting the offense in ordinary and concise language. The right of the accused to be apprised by the indictment or information, with reasonable certainty of the nature of the accusation against him to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense, is zealously guarded in all our cases. *State v. Royse*, 66 Wn.2d 552, 403 P.2d 838 (1965). It is not fatal to an information that the language of the statute was not followed, but words conveying the same meaning and import must be used. *State v. Moser*, 41 Wn.2d 29, 246 P.2d 1101 (1952).

CrR 2.1(b) provides:

> The indictment of information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the prosecuting attorney . . . The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

The information may be amended if substantial rights of the defendant are not prejudiced and the defendant may be granted a bill of particulars in a proper case.

The information in this case did not contain the official or customary citation of the laws which were involved in the alleged offense. Such citations are particularly desirable where the offense involves administrative rules and regulations, as well as statutes, as is the case here. The defendant should not have to search for the rules and regulations which it is claimed that he has violated. In the instant case a motion for a bill of particulars would presumably have brought forth these citations. Had the petitioner been mis-

led to his prejudice by the omission of those citations, the conviction would have been subject to reversal under the rule. However, a showing of prejudice has not been made in this court.

■ As far as the words "as required by law" are concerned, they add little to the allegation that the defendant knowingly and willfully failed to reveal a material fact, condition, or circumstances affecting eligibility or need for assistance. Implicit in the words "knowingly and willfully" is knowledge that the reporting was required. The word "material" would further alert a reasonable person to the fact that the reporting was allegedly required.

There is language in the case of *State v. Walters*, 8 Wn. App. 706, 508 P.2d 1390 (1973), which tends to support the conclusion reached by the petitioner that the omission of the words "as required by law" is a fatal defect in a charge brought under RCW 74.08.331. When this language is viewed in context, it will be seen that the court's concern was with the fact that the change in circumstances involved in that case was not required by law to be reported. The State neither alleged nor proved that such reporting was required. The reversal was therefore proper. We do not agree, however, with the language which indicates that the omission of the words "as required by law" is a fatal defect, where the language of the information is sufficient to apprise the accused that he is charged with a knowing and willful failure to report.

The decision of the Court of Appeals is affirmed.

STAFFORD, C.J., and HUNTER, HAMILTON, WRIGHT, UTTER, and HOROWITZ, JJ., concur.

BRACHTENBACH, J., concurs in the result.

Petition for rehearing denied January 7, 1977.