[No. 5392–1. Division One. May 1, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. BARBARA DEANE LONG, *Defendant,* DILLON ARTHUR Dow, *Appellant.*

*William S. Bailey* of *Seattle–King County Public Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Frederick F. Mendoza, Deputy,* for respondent.

JAMES, J.—Following jury trial, defendant, Dillon Arthur Dow, was convicted of violating the Uniform Controlled Substances Act. We affirm.

Dow and a young woman were arrested following receipt of a quantity of Ritalin by use of a forged prescription. There was evidence that Dow and the woman entered a Seattle pharmacy and presented a forged prescription for Ritalin to the pharmacy clerk. After the prescription was filled and paid for, Dow took possession of it from the clerk and carried it out of the pharmacy.

The woman pled guilty to the charge and was Dow's only defense witness. She testified that she alone forged the prescription, presented it to the clerk, and paid for it, while Dow was an unwitting participant in the crime with no knowledge that the prescription had been forged.

The first assignment of error alleges that three jury instructions proposed by Dow should have been given. Dow does not challenge any of the given instructions but contends additional instructions were necessary for the jury to consider his theory of the case—that he was an unwitting participant in the crime.

██ In a recent case, this court summarized the rules concerning the sufficiency of jury instructions:

The test of sufficiency of instructions given on a party's theory of the case is that (1) they permit the party to argue his or her theory of the case; (2) they are not misleading; and (3) when read as a whole they properly inform the trier of the fact on the applicable law. *State v. Dana*, 73 Wn.2d 533, 537, 439 P.2d 403 (1968); *State v. Lane*, 4 Wn. App. 745, 747, 484 P.2d 432 (1971). It is discretionary with the trial court as to how many instructions are necessary to fairly present a litigant's theories. *Anderson v. Red & White Constr. Co.*, 4 Wn. App. 534, 538, 483 P.2d 124 (1971).

*Levea v. G.A. Gray Corp.*, 17 Wn. App. 214, 224–25, 562 P.2d 1276 (1977).

We find no abuse of discretion. The "to convict" instruction and the instructions defining the terms "obtain," "willfully," "unlawfully," "feloniously," "intentionally" and "knowingly" accurately instructed the jury on the elements of the crime. Dow had an opportunity to argue his theory of the case by refuting the existence of the necessary elements.

In his second assignment of error, Dow attacks the sufficiency of the information. He first contends "[t]he information did not contain a specification of the authority by which Ritalin is a controlled substance."

The information charged Dow with a violation of the Uniform Controlled Substances Act, RCW 69.50.403(a)(3), in that he

did willfully, unlawfully and feloniously obtain a controlled substance, to–wit: ritalin, by fraud, deceit, misrepresentation and subterfuge; and by the use of a forged prescription.

At the outset of trial, the State moved to amend the information to charge possession of methylphenidate, a controlled substance listed in RCW 69.50.208(b)(4).

In denying the State's motion to amend the information and a defense motion to dismiss, the court ruled:

The law is that methylphenidate is a controlled substance; and whether Ritalin is, it is the State's burden. But it seems to me this is notice enough to the defendant.

We agree.

■ An information must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." CrR 2.1(b). It must "enable a person of common understanding to know what is intended". RCW 10.37.050(6). The information in this case satisfied this requirement. Dow does not allege that he was prejudiced or misled—a necessary prerequisite to dismissing an information. CrR 2.1(b); *State v. Jeske,* 87 Wn.2d 760, 558 P.2d 162 (1976).

Dow also alleges that the State's evidence at trial did not establish that Ritalin is a controlled substance. We do not agree.

RCW 69.50.202 provides as follows:

> The controlled substances listed or to be listed in the schedules in RCW 69.50.204, 69.50.206, 69.50.208, 69.50-.210, and 69.50.212 are included by whatever official, common, usual, chemical, or trade name designated.

The pharmacist who filled the prescription testified that methylphenidate is a controlled substance and that the "brand name" for the drug is Ritalin. He said that he knew of no name for the drug other than Ritalin or methylphenidate. On cross–examination, the druggist testified that he was not a chemist but that he believed Ritalin was, in fact, methylphenidate–hydrochloride; but he did not know if a "mass spectometer [*sic*]" test would yield different results in testing methylphenidate and in testing methylpheni-date–hydrochloride.

■■ The credibility of the druggist was a jury question. His testimony would permit a finding that Ritalin is the common, usual and trade name of methylphenidate.

Dow's final assignment of error presents a recurring challenge to the admissibility of a defendant's prior convictions for the purpose of impeachment. Dow argues that the judge's decision to allow the evidence prevented him from testifying in his own behalf and receiving a fair trial.

In oral argument, Dow's counsel conceded that our Supreme Court has recently rejected Dow's contention in *State v. Ruzicka*, 89 Wn.2d 217, 570 P.2d 1208 (1977).

Affirmed.

CALLOW and DORE, JJ., concur.

Reconsideration denied August 22, 1978.

Review denied by Supreme Court December 14, 1978.