[Nos. 6099-0-II; 6100-7-II.   Division Two.   July 2, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. GERALD HOLT, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. LEWIS JAMES ARNETT, *Appellant*.

*John S. Abolofia,* for appellant Holt.

*A. Corinne Dixon,* for appellant Arnett.

*William H. Griffies, Prosecuting Attorney,* and *Barbara L. Corey–Boulet, Deputy,* for respondent.

WORSWICK, A.C.J.—Gerald Holt and Lewis Arnett appeal

conviction on one count each of selling and/or distributing obscene literature and films (former RCW 9.68.010, Laws of 1961, ch. 146, § 1). Arnett also appeals lesser included offense convictions based on two counts of child pornography (RCW 9.68A.030). No issue is raised here as to the propriety of a lesser included offense conviction based on such a charge. Many issues are raised which we find without merit. However, we reverse the convictions based on the obscene literature charges. Otherwise, we affirm.

On July 9, 1981, Detective Ray MacPherson of the Port Orchard Police Department visited Jerry's Adult Bookstore in Tacoma at the request of the Tacoma Police Department. MacPherson bought several magazines and films at the store with marked money provided by Tacoma police. The police returned to Jerry's later that evening and arrested Arnett, who had sold the magazines and films to MacPherson. Arnett was charged with violating obscenity and child pornography statutes. Holt, Jerry's owner, was charged with violating the obscenity statute. They were tried together, resulting in the convictions indicated above.

Appellants contend that the trial court erred in not dismissing count I against Holt and counts III, VI and VII against Arnett for failure of the information to state a crime. As will be seen, we agree as to counts I and III, and disagree as to counts VI and VII. However, before discussing the merits, it is appropriate that we comment on the status of these contentions on appeal.

Usually, an argument will not be considered on appeal that was not presented to the trial court. *Farrell v. Score,* 67 Wn.2d 957, 411 P.2d 146 (1966). At oral argument, counsel for Holt claimed that appellants argued at the omnibus hearing that the information failed to state a crime because the challenged counts omitted reference to the mental state elements of the crimes. Appellants have not provided us with a report of proceedings for the omnibus hearing. The record merely contains an application for an omnibus hearing, with notation that defendant Arnett will move to dismiss the information for failure to state an

offense, and an order denying the motion to dismiss. This is insufficient to apprise us of the arguments made to the trial court.[1]

■ Ordinarily we would simply refuse to review these contentions. *Farrell v. Score, supra.* However, an information that fails to state an offense is constitutionally defective. *State v. Bonds,* 98 Wn.2d 1, 653 P.2d 1024 (1982). Therefore, we are mandated to review this issue by the decisions of our Supreme Court that constitutional error can be raised for the first time on appeal. *State v. Johnson,* 100 Wn.2d 607, 674 P.2d 145 (1983).

■ An information must charge all the statutory elements of the alleged crime. *State v. Bonds, supra; State v. Ashker,* 11 Wn. App. 423, 426, 523 P.2d 949 (1974), *overruled on other grounds in State v. Braithwaite,* 92 Wn.2d 624, 600 P.2d 1260 (1979). While the precise language of the statute need not be followed, words conveying the same meaning must be used. *State v. Moser,* 41 Wn.2d 29, 246 P.2d 1101 (1952). An information which fails to charge all the statutory elements of the alleged crime violates defendant's constitutional rights and should be dismissed. *Bonds,* 98 Wn.2d at 16; *Ashker,* 11 Wn. App. at 426. Counts VI and VII meet the test; counts I and III do not.

Arnett was convicted on counts VI and VII of the second amended information. Count VI provided, in part:

Don Herron . . . accuses Lewis James Arnett of the crime of Child Pornography, RCW 9.68A.030, committed as follows, to–wit:

That the said Lewis James Arnett, in the County of Pierce, in the State of Washington, on or about the 9th day of July, 1981, did [*sic*] then and there being unlaw-

---

[1]Holt was apparently charged after Arnett had submitted the omnibus application. Counsel ventured to preserve claimed errors for appeal by entering into a stipulation with the prosecuting attorney to the effect that all prior motions made by Arnett would be considered also made by Holt, and all prior rulings as to Arnett would be considered also applicable to Holt. No judge ever approved this stipulation and, as far as we can tell, no judge even knew of it. This practice is not acceptable and does not preserve error. *See State v. Pam,* 101 Wn.2d 507, 680 P.2d 762 (1984).

fully and feloniously possessed with intent to distribute, or sold to another for commercial consideration, or printed matter which is obscene, knowing that such production involved the use of a minor person, under the age of 18, engaged in sexually explicit conduct, to–wit: a motion picture titled Angel Gets Raped, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Washington.

Count VII was identical except for the film title "AGR" in place of "Angel Gets Raped."

RCW 9.68A.030 provides, in part:

A person who knowingly sends or causes to be sent, or brings or causes to be brought, into this state for sale or distribution, or in this state possesses, prepares, publishes, or prints with intent to distribute, sell, or exhibit to others for commercial consideration, any visual or printed matter which is obscene, knowing that the production of such matter involves the use of a minor engaged in sexually explicit conduct and that the matter depicts such conduct, is guilty of a Class C felony.

Arnett contends that counts VI and VII are defective because they fail to charge that he *knowingly* possessed the films and *knew the matter depicted minors engaged in sexually explicit conduct*. We disagree.

RCW 9.68A.030 identifies two classes of offender: (1) those who import obscene materials involving minors into the state, and (2) those who possess, prepare, publish, or print the same type of material within the state with intent to sell it. Those importing the proscribed material must do so "knowingly." However, for those, as Arnett, who do not import but possess the proscribed material within the state, the statute merely requires that possession be coupled with the intent to sell it. Obviously, someone who possessed material with intent to sell it would know he possessed it. *See* RCW 9A.08.010. Arnett's interpretation of RCW 9.68A.030 would therefore add a superfluous element to the offense.

The phrase "knew the matter depicted minors engaged in sexually explicit conduct" does not add an element to the crime. A person who knew the production of

the matter he was selling involved the use of a minor engaged in sexually explicit conduct, would know the matter depicted such conduct. Counts VI and VII charged that Arnett knew production of the films AGR and Angel Gets Raped involved the use of a minor engaged in sexually explicit conduct. It was not necessary to charge also that Arnett knew the films depicted such conduct. Counts VI and VII were not defective.

Count III against Arnett and I against Holt, however, do not charge all elements of the crime. Count III provided, in part:

> Don Herron . . . accuses LEWIS JAMES ARNETT of the crime of SELLING AND/OR DISTRIBUTING OBSCENE LITERATURES AND FILMS, RCW 9.68.010, committed as follows, to–wit:
>
> That the said LEWIS JAMES ARNETT, . . . on or about the 9th day of July, 1981, did then and there being unlawfully sell, distribute, and offer to sell and distribute motion pictures, to–wit: Animal Action, then and there containing moving pictures which were obscene, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Washington.

Count I against Holt was identical to count III against Arnett, except for the names. Former RCW 9.68.010 provided, in part:

> Every person who—
> (1) *Having knowledge of the contents* thereof shall exhibit, sell, distribute, display for sale or distribution, or having knowledge of the contents thereof shall have in his possession with the intent to sell or distribute any book, magazine, pamphlet, comic book, newspaper, writing, photograph, motion picture film, phonograph record, tape or wire recording, picture, drawing, figure, image, or any object or thing which is obscene; . . .
>
> . . .
> Shall be guilty of a gross misdemeanor.

(Italics ours.) Laws of 1961, ch. 146, § 1. A person commits the crime defined in former RCW 9.68.010 when he: (1) sells a magazine or motion picture, (2) which is obscene, (3)

having knowledge of the contents thereof. Neither count III nor count I charges Arnett or Holt with having knowledge of the contents of the obscene materials they sold. These counts were constitutionally defective and should have been dismissed. *State v. Ashker, supra. See United States v. Deer,* 131 F. Supp. 319 (E.D. Wash. 1955).[2]

■ The State contends that appellants waived their right to be informed of the charge against them by not making a timely objection, citing *State v. Johnson, supra, State v. Jeske,* 87 Wn.2d 760, 558 P.2d 162 (1976), and *State v. Long,* 19 Wn. App. 900, 578 P.2d 871 (1978). We disagree. Our Supreme Court has drawn a distinction between an information which fails to charge a crime and one which is merely vague. The former must be dismissed, while the latter will be dismissed only if the prosecutor fails to comply with an order calling for greater particularity. *State v. Bonds,* 98 Wn.2d at 16–17. *State v. Johnson, supra,* involved a vague information which was not dismissed because defendants did not request a bill of particulars. *State v. Jeske, supra,* and *State v. Long, supra,* also involved vague informations; the informations failed to cite the statutes defendants allegedly violated. All three cases are distinguishable from this case. Here, the information failed to charge every element of the crime.

The State also claims that appellants were not prejudiced by omission of the mental state elements from the information, and, therefore, the error was harmless. We disagree. We find absolutely no basis in the law for permitting the State to proceed on a constitutionally defective information, and we will not venture to supply such a basis.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the

---

[2]The failure of counts III and I to charge every element of the crime is not cured by the fact that the trial court properly instructed the jury. *Ashker,* 11 Wn. App. at 426 n.2. At oral argument, counsel for the State contended footnote 2 in *Ashker* was merely dicta. We disagree. Had the *Ashker* court found the instructions cured the error in the information, the charge would not have been dismissed.

Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

PETRIE and REED, JJ., concur.

Further reconsideration denied September 11, 1984.

Review granted by Supreme Court December 7, 1984.