[No. 51025-3.   En Banc.   August 22, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. GERALD HOLT, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. LEWIS JAMES ARNETT, *Petitioner.*

*A. Corinne Dixon,* for petitioner.

*William H. Griffies, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Barbara Corey–Boulet,* and *Rex Munger, Deputies,* for respondent.

PEARSON, J.—Petitioner Arnett was convicted of two counts of selling obscene material as lesser included offenses of selling child pornography under former RCW 9.68A-

.030. Two narrow questions are presented to this court:

1. Whether petitioner waived his right to challenge the constitutionality of the charging information on appeal by his failure to request a bill of particulars at the pretrial or trial stage; and

2. Whether a jury instruction which identifies every element of the crime can cure an information which is defective by virtue of its failure to state every statutory element of the crime.

We answer both of these questions in the negative and reverse Arnett's convictions.

The events leading to this case arose in July 1981. At that time, Arnett was employed at Jerry's Adult Bookstore in Tacoma. That store was owned by Gerald Holt.

On July 9, 1981, Arnett sold two magazines and four films to an undercover agent of the Tacoma Police Department. Arnett was subsequently charged with five counts of selling obscene magazines and films under former RCW 9.68.010 and two counts of selling child pornography under former RCW 9.68A.030. Holt was charged with two counts of selling obscene material under former RCW 9.68.010.

Arnett was ultimately convicted of one charge of selling obscene materials (former RCW 9.68.010). He was found not guilty on the remaining four obscenity charges. He was also acquitted of the two child pornography charges because the jury found that *no minors* were involved in the films. The jury found, however, that those films were obscene. The court had instructed that the jury could find Arnett guilty of selling obscene materials as a *lesser included offense* of child pornography. Thus, the jury found Arnett guilty of two additional counts of selling obscenity *as lesser included offenses* of the child pornography counts. Holt was convicted of one count of selling obscene materials under former RCW 9.68.010.

Both Holt and Arnett appealed their convictions. The Court of Appeals *reversed* the obscenity convictions which were based upon former RCW 9.68.010, because the informations charging Holt and Arnett failed to state every ele-

ment of that crime ("*knowledge* of the contents" was omitted from the information). *State v. Holt,* 38 Wn. App. 34, 687 P.2d 218 (1984). The Court of Appeals affirmed Arnett's convictions for the lesser included offense of selling obscenity under the child pornography statute.[1] It is that ruling which Arnett now challenges before this court.

## I

Arnett concedes that the crime of child pornography (former RCW 9.68A.030) necessarily includes the crime of selling obscene materials (former RCW 9.68.010). A lesser included offense exists when *all* of the elements of the lesser crime are *necessarily* elements of the greater crime. *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973); *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978).

RCW 9.68A.030, the former child pornography law, states in pertinent part:

A person who knowingly sends or causes to be sent, or brings or causes to be brought, into this state for sale or distribution, or in this state possesses, prepares, publishes, or prints with intent to distribute, sell, or exhibit to others for commercial consideration, any visual or printed matter which is obscene, knowing that the production of such matter involves the use of a minor engaged in sexually explicit conduct and that the matter depicts such conduct, is guilty of a Class C felony.

RCW 9.68.010, the former obscenity law, states in pertinent part:

Every person who—

(1) Having knowledge of the contents thereof shall exhibit, sell, distribute, display for sale or distribution, or having knowledge of the contents thereof shall have in his possession with the intent to sell or distribute any book, magazine, pamphlet, comic book, newspaper, writing, photograph, motion picture film, phonograph record, tape or wire recording, picture, drawing, figure, image, or

---

[1]The Court of Appeals mistakenly thought that Arnett had been convicted of the child pornography counts and affirmed those convictions. On reconsideration, the court corrected this error, but still affirmed Arnett's convictions for selling *obscenity* as lesser included offenses of the child pornography charges.

any object or thing which is obscene . . .

. . .
Shall be guilty of a gross misdemeanor.

In the Court of Appeals, Arnett alleged that the information charging him with child pornography (former RCW 9.68A.030) was constitutionally defective because it failed to state two of the statutory elements: (1) *knowing* possession of the obscene materials and (2) *knowing* that the matter depicts such conduct (minor engaged in sexual conduct). Thus, Arnett argued that the information, being constitutionally defective, could not support the convictions for the lesser included obscenity offenses.

The Court of Appeals recognized the established test regarding the constitutionality of a charging information: an information is constitutionally defective "if it omits a specified element of a statutory crime." *State v. Bonds,* 98 Wn.2d 1, 16, 653 P.2d 1024 (1982), *cert. denied,* 464 U.S. 831 (1983). The court held, however, that "knowing possession" and "knowing that the matter depicts such [minor engaged in sexual] conduct" were not separate elements of the crime of child pornography and therefore need not be set out in the information.

Thus, the only issue presented for our resolution was the statutory interpretation question as to the elements of former RCW 9.68A.030. However, that issue was abandoned by the State at oral argument, with the State conceding that "knowing possession" and knowledge that the material "depicts minors engaged in sexual conduct" are elements of the crime of child pornography under former RCW 9.68A-.030. Thus, there is no need to address the statutory interpretation issue here.

## II

The State offered two new contentions at oral argument. The first is that Arnett waived his right to appeal the question of the sufficiency of the information because he failed, before trial, to request a bill of particulars from the State. This argument is not supported by applicable law.

■■■ In *State v. Bonds, supra,* this court distinguished between a constitutionally defective information and one which is merely deficient due to vagueness as to some other matter. The omission of *any* statutory element of a crime in the charging document is a *constitutional* defect which may result in dismissal of the criminal charges. *Bonds,* at 16; *see also In re Richard,* 75 Wn.2d 208, 449 P.2d 809 (1969); *Seattle v. Morrow,* 45 Wn.2d 27, 273 P.2d 238 (1954); *Seattle v. Jordan,* 134 Wash. 30, 235 P. 6 (1925). Conversely, if the information states each statutory element of a crime, but is vague as to some other matter significant to the defense, a bill of particulars is capable of correcting that defect. In that event, a defendant is not entitled to challenge the information on appeal if he failed to request the bill of particulars at an earlier time. *State v. Bonds, supra; see also In re Richard, supra; State v. Johnson,* 100 Wn.2d 607, 674 P.2d 145 (1983).

The State relies on *Johnson* to support its claim that Arnett's challenge to the information is not timely. In *Johnson,* the burglary statute, RCW 9A.52.040, was at issue. That statute requires the State to prove an underlying crime was intended by the defendant, but the statute does not require the underlying crime be specifically identified by the State. The information charging Johnson did not identify the underlying crime.

Nonetheless, we held the information in *Johnson* was not defective because it did state every *statutory element* of burglary. Thus, we held Johnson should have requested a bill of particulars to determine the particular underlying crime which the State alleged since the information was deficient only on that point, but was not fatally defective by virtue of its failure to state a crime. Because Johnson failed to request the bill, we held he could not later challenge the information on appeal.

Clearly, the *Johnson* case does not stand for the proposition that the State can omit a *statutory element* of a crime from the information and then claim the defendant has waived his right to appeal by failure to request a bill of

particulars at the pretrial or trial stage.

Rather, the law of this state has long been that a criminal defendant can raise objections to an information which completely fails to state an offense at *any* time. *Seattle v. Jordan, supra; Seattle v. Morrow, supra.* Such an objection, which raises a constitutional question, may even be made for the first time on appeal. *See State v. Johnson, supra.*

Hence because the information here failed to state any offense whatsoever, by its omission of two statutory elements of child pornography, that information is constitutionally defective and requires dismissal. *See In re Richard,* 75 Wn.2d at 211. Accordingly, Arnett's failure to request a bill of particulars is of no significance in this case.

Furthermore, a bill of particulars could not have cured the constitutionally defective information even if Arnett had requested the bill. A bill of particulars is not a part of the information and can in no way aid an information which is fundamentally defective. *See State v. Boone,* 65 Wash. 331, 118 P. 46 (1911) (a bill of particulars cannot change the offense charged in the information); *State v. Maurer,* 34 Wn. App. 573, 663 P.2d 152 (1983); *United States v. Comyns,* 248 U.S. 349, 63 L. Ed. 287, 39 S. Ct. 98 (1919). Rather, the function of such a bill is to amplify or clarify particular matters essential to the defense. *See In re Richard, supra.*

CrR 2.1(d) allows the State to move to amend the information at any time prior to the final verdict, if substantial rights of the defendant are not prejudiced by the amendment. That court rule provides the proper procedure in a case such as this where the information fails to charge any crime at all. Notably, the State in the present case was allowed to amend the information twice, but still did not include the necessary statutory elements of the crime.

Finally, Arnett did request a dismissal of charges based upon the insufficiency of the information. That request was denied. The request, however, was the proper procedure for Arnett to follow under the circumstances and would have

preserved his right to appeal if such preservation had been required.

## III

The State next argues that the jury instructions, which stated every statutory element of child pornography, cured the defective information. The State relies on *State v. Johnson,* 100 Wn.2d 607, 674 P.2d 145 (1983) for the proposition that proper jury instructions can cure an information which omits statutory elements of a crime.

■ Clearly, *Johnson* does not stand for such a proposition. In that case, the jury instructions failed to identify the particular crime which Johnson allegedly intended when he burglarized a building. This court held that jury instructions must define every element of the offense charged, including the crime intended in a burglary, even if the statutory language fails to provide such guidance. *Johnson,* at 625. Thus, since the instructions in *Johnson* were held to be improper, the question whether *proper* jury instructions may cure a constitutionally defective information was not even addressed in that case.

Moreover, this court has specifically held that an information which is constitutionally defective because it fails to state every statutory element of a crime *cannot* be cured by a jury instruction which itemizes those elements. *State v. Unosawa,* 29 Wn.2d 578, 188 P.2d 104 (1948); *see also State v. Ashker,* 11 Wn. App. 423, 523 P.2d 949 (1974), *overruled on other grounds in State v. Braithwaite,* 92 Wn.2d 624, 600 P.2d 1260 (1979) (a jury instruction cannot cure a deficient information where the instruction did not purport to amend the information).

In sum, knowing possession and knowledge of the contents of the matter sold concededly are elements of child pornography under former RCW 9.68A.030. The information failed to state these elements, making the information constitutionally defective. That defect cannot be cured by proper jury instructions. Further, Arnett was not required to request a bill of particulars, nor to take any other action

to preserve his right to challenge the constitutionality of the information on appeal. Accordingly, on these grounds we reverse the Court of Appeals and order the charges against Arnett dismissed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.