[No. 10947-0-III.   Division Three.   May 21, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. MARY ANN HALE, *Appellant.*

*Lewis M. Schrawyer,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *John C. Monter, Deputy,* for respondent.

SWEENEY, J. — Mary Ann Hale appeals her convictions and sentence on four counts of attempted first degree murder. She contends: (1) she may have rejected an offer to plead guilty to a reduced charge, and entered pleas of not guilty by reason of insanity based on an erroneous statement in the information;

(2) the State's evidence was insufficient to establish a "substantial step" toward first degree murder; and (3) the court erred in calculating her sentence and in failing to consider mitigating circumstances when sentencing. We affirm the convictions but remand for resentencing.

### FACTUAL BACKGROUND

In February 1990, Mary Ann Hale separated from her husband. She became depressed, cried often, lost weight, and had trouble sleeping. She started taking sleeping pills. Ms. Hale told her sister she was worried about providing for her children and feared that if she became any more depressed, she would take her life and the lives of her children.

On March 4, Ms. Hale bought over-the-counter sleeping pills. That evening she told her children she had pills which would help their sore throats and help them sleep. She gave each child approximately 10 pills. Soon after the children went to bed, Ms. Hale called her friends, Roy and Linda Dampier. She asked for Mr. Dampier. Because he was unavailable, she told Ms. Dampier she had overdosed herself and her children because she could not stand the separation from her husband and she worried about who would care for the children. Ms. Hale asked that Ms. Dampier have Mr. Dampier come to her home the next day to find their bodies. Ms. Dampier called the sheriff. Paramedics responded and administered medication to the children and Ms. Hale. Ms. Hale and the children were taken to the hospital. Although they showed signs of confusion and delirium, they recovered. The children were discharged the following day.

Ms. Hale was charged by information with four counts of attempted first degree murder. The information erroneously stated that attempted first degree murder was a "Class: B FELONY:" punishable by "Not More Than TEN Years and/or $20,000.00". Attempted first degree murder is a class A felony punishable by a maximum of life and/or a fine of $50,000. At the arraignment, Ms. Hale waived reading of

the information. She pleaded not guilty by reason of insanity. The State offered to reduce the charges to two counts of first degree assault in exchange for a plea of guilty. Ms. Hale rejected the offer.

At trial, the emergency room physician who treated the Hale children testified the dosage given was excessive and potentially, but not predictably, lethal. Two psychiatrists testified Ms. Hale was suffering from major depression and classic hysteria. They concluded she was insane at the time of the incident. A clinical instructor of psychiatry testified Ms. Hale was suffering from an adjustment disorder with depressed mood and at the time of the incident was sane.

A jury found Ms. Hale guilty of four counts of attempted first degree murder. The court imposed a sentence of 720 months — 180 months for each count, to run consecutively.

## DEFECTIVE INFORMATION

Ms. Hale contends she had a right to rely on the information, which described her crime as a class B felony, when deciding whether to plead guilty by reason of insanity. She contends she may have accepted the State's offer to plead guilty to a lesser charge if she knew the information was in error. Because the information was defective, she contends the charges must be dismissed relying on *State v. Holt*, 104 Wn.2d 315, 320, 704 P.2d 1189 (1985) and *State v. Leach*, 113 Wn.2d 679, 690, 782 P.2d 552 (1989).

Ms. Hale's reliance on *Holt* and *Leach* is misplaced. Both *Holt* and *Leach* involved omissions from an information of statutory elements of the crime charged. An information must properly charge a defendant. It does so if: (1) it includes, either in statutory language or in language which conveys the statutory elements, all of the statutory elements of the crime charged; (2) the statutory elements define the crime; and (3) the information apprises the accused with reasonable certainty of the nature of the accusation. *State v. Mathews*, 60 Wn. App. 761, 765, 807 P.2d 890 (1991), *review denied*, 118 Wn.2d 1030 (1992).

■ ■ Here, the information contained the statutory elements of attempted first degree murder; Ms. Hale was adequately informed of the crime for which she was charged. The State is not required to inform the defendant of the maximum sentence in the information. RCW 10.37.050. The court is not required to inform the defendant of the maximum possible sentence at arraignment or during the trial. RCW 10.40; RCW 10.46; CrR 4.1; CrR 6. Only on a plea of guilty is the court required to provide such information. CrR 4.2(g).

■ Even if we were to impose an obligation on the State to accurately inform Ms. Hale of the maximum penalty following a plea of not guilty, she must show some prejudice. *See State v. James*, 108 Wn.2d 483, 489-90, 739 P.2d 699 (1987). Although invited by the trial court to move for a new trial, she refused to do so, commenting in open court that: a new trial may not be appropriate, the end result might be the same, and she did not want to "give up" a mistake that might benefit her. Ms. Hale does not assign error to the trial court's finding that she was not prejudiced by the clerical error in the information. She did not claim at trial, nor does she claim on appeal, that she would have accepted the State's offer if the information had correctly set out the maximum sentence. Her contention is she *may* have. This is not sufficient.

### SUBSTANTIAL STEP

Ms. Hale contends the evidence is insufficient to establish that she took a "substantial step" toward first degree murder. She claims her attempt is not strongly corroborative of her intent because death was highly remote given the quantity of sleeping pills involved. She concludes the mere possibility of death does not prove a substantial step. We disagree.

■ The State is required to prove Ms. Hale (1) actually intended to take a life; and (2) took a substantial step toward the commission of the act. RCW 9A.28.020(1); RCW 9A.32.030(1)(a); *State v. Smith*, 115 Wn.2d 775, 782, 801 P.2d 975 (1990). Evidence is sufficient to support a criminal conviction if, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt. *State v. Hoffman*, 116 Wn.2d 51, 82, 804 P.2d 577 (1991); *State v. Hughes*, 106 Wn.2d 176, 199, 721 P.2d 902 (1986); *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all inferences that can be reasonably drawn therefrom. *State v. Spruell*, 57 Wn. App. 383, 385, 788 P.2d 21 (1990).

■ "[C]onduct is not a substantial step 'unless it is strongly corroborative of the actor's criminal purpose.'" *State v. Workman*, 90 Wn.2d 443, 451, 584 P.2d 382 (1978) (adopting the Model Penal Code § 5.01(2) (Proposed Official Draft, 1962)); *State v. Smith, supra.* It is no defense that true facts render the commission of a completed crime legally or factually impossible. RCW 9A.28.020(2).

At trial, Dr. Gregory Freed, the emergency room physician, testified Ms. Hale told him that she had given each child 10 sleeping pills so they would go to sleep and never wake up. He testified the quantity was 40 times the usual dose for children. Dr. Freed testified the amount each child received was potentially lethal, but because the effect of the drug varies from person to person, it is difficult to predict the level at which the dosage becomes lethal. Dr. Freed concluded that one or all of the children could have died from the dose received. The evidence was sufficient to support the conviction.

SENTENCING

Ms. Hale contends that the trial judge should have considered mitigating circumstances.

■ Because the sentence for an attempt is based on a mandatory minimum for first degree murder, the trial court concluded it could not impose a lower exceptional sentence for attempted first degree murder. RCW 9.94A.310(2).[1] RCW

---

[1]RCW 9.94A.310(2) provides:

"For persons convicted of the anticipatory offenses of criminal attempt, solicitation, or conspiracy under chapter 9A.28 RCW, the presumptive sentence is determined by locating the sentencing grid sentence range defined by the appropriate offender score and the seriousness level of the completed crime, and multiplying the range by 75 percent."

9.94A.120(4) sets mandatory minimum sentences for certain specific crimes including first degree murder, "not less than twenty years". Nowhere in these mandatory minimum sentences does the Sentencing Reform Act of 1981 require that the mandatory sentence apply to criminal attempt, solicitation, or conspiracy. Therefore, we conclude attempted first degree murder does not carry a mandatory minimum sentence. Thus, the court could have considered mitigating circumstances when sentencing Ms. Hale.

■ Moreover, the court was not compelled to impose consecutive sentences. RCW 9.94A.390(1)(g).[2] Where a lesser sentence is supported by the factors set out in RCW 9.94A-.390(1), an exceptional sentence for multiple current offenses may consist of either shortening the sentences or imposing concurrent sentences where consecutive sentences are standard. *See State v. Batista*, 116 Wn.2d 777, 787, 808 P.2d 1141 (1991). When more than one mitigating factor is present, an exceptional sentence may include both elements: *i.e.*, shortening the sentences and making them run concurrently. *State v. Oxborrow*, 106 Wn.2d 525, 723 P.2d 1123 (1986).

We affirm the convictions, but remand for consideration of an exceptional lower sentence.

THOMPSON, A.C.J., and MUNSON, J., concur.

---

[2]RCW 9.94A.390(1)(g) provides:

"The operation of the multiple offense policy of RCW 9.94A.400 results in a presumptive sentence that is clearly excessive in light of the purpose of this chapter, as expressed in RCW 9.94A.010."