IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46618-0-II |
| Respondent, | |
| v. | |
| TODD ANTHONY BUURMAN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Todd Anthony Buurman was convicted of possession of a controlled substance and third degree theft. Buurman appeals his convictions and sentence, arguing that (1) the unwitting possession defense violates his due process rights because it shifts the State's burden of proof; (2) the possession of a controlled substance conviction violates his right against cruel and unusual punishment and his right to due process because it imposes a felony punishment without establishing a criminal intent; (3) the charging document failed to provide adequate notice of the theft charge against him; and (4) the trial court erred in assessing two crime victim penalty assessments against him.

We hold that Buurman's first three arguments fail because (1) the unwitting possession does not negate an element of the offense; (2) both our state legislature and our Supreme Court have decided that a class C felony is a constitutional punishment for strict-liability crimes; and (3) the charging document alleged all of the requisite elements and necessary facts. However, we agree with Buurman that the trial court erred in assessing two crime victim penalty assessments against him. Therefore, we affirm Buurman's convictions, but remand to the trial court to vacate one crime victim penalty assessment.

## FACTS

Buurman lost his job and home, and had been staying with friends for several weeks. Around 12:00 p.m. on June 30, 2014, Buurman picked up a pair of his cargo shorts from a pile of laundry and put them on. Around 9:00 or 10:00 that evening, Buurman walked out of a grocery store in Clark County without paying for the merchandise he had placed in his cart. A grocery store employee saw Buurman leave without paying and called the police.

When the police stopped Buurman outside the grocery store, they read him his *Miranda*[1] rights and he admitted to the theft. Buurman was then placed under arrest.

During the search incident to arrest, the police discovered a small baggie containing methamphetamine in one of the cargo pockets of Buurman's shorts. Buurman acknowledged to the police that the shorts were his, but he denied having any knowledge of the baggie or its contents.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

The State charged Buurman with possession of a controlled substance–methamphetamine and third degree theft. Buurman asserted the affirmative defense of unwitting possession of a controlled substance.

Buurman elected to testify in his own defense. He testified that he stole the merchandise from the grocery store, but again denied having any knowledge of the baggie or its contents.

Pursuant to Buurman's request, the trial court instructed the jury on Buurman's affirmative defense of unwitting possession of a controlled substance. The jury found Buurman guilty of both charges. The trial court ordered him to pay two victim penalty assessments, both in the amount of $500: one for the possession conviction and one for the theft conviction. Buurman appeals.

ANALYSIS

A.    UNWITTING POSSESSION

Buurman argues the unwitting possession affirmative defense violated his due process rights by shifting the State's burden to prove the essential element of constructive possession. He argues that the unwitting possession negates the element of constructive possession "because a lack of knowledge cannot coexist with dominion and control over a controlled substance." Br. of Appellant at 6. We hold that unwitting possession does not negate an element of the crime because possession of a controlled substance is a strict liability crime that does not require the possessor's knowledge of his possession.

We review constitutional issues de novo. *State v. Robinson*, 171 Wn.2d 292, 301, 253 P.3d 84 (2011). Due process requires that the State prove every element of the crime charged beyond a reasonable doubt. WASH. CONST. art. I, § 3; *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State v. W.R.*, 181 Wn.2d 757, 761-62, 336 P.3d 1134 (2014). An

affirmative defense "merely 'excuse[s] conduct that would otherwise be punishable.'" *Id.* at 762 (quoting *Smith v. United States*, __ U.S. ____, 133 S. Ct. 714, 719, 184 L. Ed. 2d 570 (2013)) (alteration in original). "But when a defense necessarily negates an element of an offense, it is *not* at true affirmative defense, and the legislature may not allocate to the defendant the burden of proving the defense." *W.R.*, 181 Wn.2d at 762. "The key to whether a defense necessarily negates an element is whether the completed crime and the defense can coexist." *Id.* at 765.

Buurman was charged with unlawfully possessing a controlled substance in violation of RCW 69.50.4013(1). RCW 69.50.4013(1)[2] states, "It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter." "The State is not required to prove either knowledge or intent to possess, nor knowledge as to the nature of the substance in a charge of simple possession." *State v. Staley*, 123 Wn.2d 794, 799, 872 P.2d 502 (1994).

Possession may be actual or constructive. *Id.* at 798. "A defendant has actual possession when he or she has physical custody of the item and constructive possession if he or she has dominion and control over the item. Dominion and control means that the object may be reduced to actual possession immediately." *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002) (citation omitted). To "ameliorate[] the harshness of [the] strict liability" nature of the crime, a defendant may assert the affirmative defense of unwitting possession. *State v. Bradshaw*, 152 Wn.2d 528, 538, 98 P.3d 1190 (2004). "To establish the defense, the defendant must prove, by a

---

[2] Buurman does not allege any of the exceptions in RCW 69.50.4013 apply to him.

preponderance of the evidence, that his or her possession of the unlawful substance was unwitting." *State v. Balzer*, 91 Wn. App. 44, 67, 954 P.2d 931, *review denied*, 136 Wn.2d 1022 (1998). The unwitting possession defense "assumes that the State has established a prima facie showing of 'possession.'" *Staley*, 123 Wn.2d at 800.

Here, the trial court instructed the jury that to find Buurman guilty, the State had the burden to prove: "(1) That on or about June 30, 2014, the defendant possessed a controlled substance Methamphetamine; and (2) That this act occurred in the State of Washington." Clerk's Papers (CP) at 51 (Jury Instruction 13). The trial court also instructed the jury that "[p]ossession means having a substance in one's custody or control"; that possession may be "actual or constructive"; and on the definitions of actual possession and of constructive possession. CP at 52 (Jury Instruction 14). Furthermore, the trial court's instructions provided that in analyzing "dominion and control,"

> Factors that you may consider, among others, include whether the defendant had the immediate ability to take actual possession of the substance, whether the defendant had the capacity to exclude others from possession of the substance, and whether the defendant had dominion and control over the premises where the substance is located. No single one of these factors necessarily controls your decision.

CP at 52 (Jury Instruction 14).

At Buurman's request, the trial court also instructed the jury on the affirmative defense of unwitting possession. The trial court's instruction on the affirmative defense stated:

> A person is not guilty of possession of a controlled substance if the possession is unwitting. Possession of a controlled substance is unwitting if a person did not know that the substance was in his possession or did not know the nature of the substance.

CP at 54 (Jury Instruction 16).

5

Buurman relies on *State v. W.R.*, 181 Wn.2d 757, to support his claim that the unwitting possession defense violates due process because the State did not show he had actual possession and his "lack of knowledge cannot coexist with dominion and control." Br. of Appellant at 6. In *W.R.*, the challenged affirmative defense violated the defendant's due process rights because it required the defendant to prove consent, which negated the element of forcible compulsion in the crime of rape by forcible compulsion. 181 Wn.2d at 759.

In support of his assertion that the State relied on a showing of constructive possession, Buurman cites "*See* RP *generally*." Br. of Appellant at 6. But, Buurman's citation is not supported by the record. *See e.g.* 1 Report of Proceedings (RP) at 128 (the court tells the State and defense counsel after trial: "There doesn't appear to me that they're [the members of the jury] going to have a lot of disagreement as to whether he possessed the drug. It's going to be really focused on the unwitting possession."). Therefore, Buurman's challenge fails for lack of support in the record. *See* RAP 10.3(a)(5)-(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); *Mills v. Park*, 67 Wn.2d 717, 721, 409 P.2d 646 (1966) ("We are not required to search the record for applicable portions thereof in support of the plaintiffs' arguments.").

Even accepting Buurman's assertion that the State relied on a showing of constructive possession as true, Buurman's argument fails because knowledge or intent is not an element of the crime of unlawful possession of a controlled substance. *See* RCW 69.50.4013(1); *Staley*, 123 Wn.2d at 799 ("The State is not required to prove either knowledge or intent to possess, nor knowledge as to the nature of the substance in a charge of simple possession."). Showing the absence of knowledge or intent for the affirmative defense does not negate any element of unlawful possession of a controlled substance because that crime does not require a showing of knowledge

or intent. Therefore, the completed crime of unlawful possession of a controlled substance, and the affirmative defense of unwittingly possessing that controlled substance can coexist. And, in fact, the affirmative defense of unwitting possession, "assumes that the State has established a prima facie showing of 'possession.'" *Staley*, 123 Wn.2d at 800.

Buurman's argument is further belied by the jury instructions given at his trial. As is apparent from the jury instructions, Buurman's knowledge or lack thereof was not considered by the jury in determining whether he possessed a controlled substance. *State v. Anderson*, 153 Wn. App. 417, 428, 220 P.3d 1273 (2009) (holding that this court presumes juries follow the trial court's instructions), *review denied*, 170 Wn.2d 1002 (2010). In contrast, the jury did consider Buurman's knowledge when determining if the affirmative defense of unwitting possession should be applied. *Anderson*, 153 Wn. App. at 428 (presumption that jurors follow instructions). Thus, under established case law, and pursuant to the jury instructions given at Buurman's trial, the completed crime of unlawful possession of a controlled substance could coexist with the affirmative defense of unwitting possession because demonstrating the absence of Buurman's knowledge would not have negated any element of the crime of unlawful possession of a controlled substance.

B.      CONSTITUTIONALITY OF RCW 69.50.4013

Buurman argues the imposition of a felony as the penalty for a crime without a requisite mens rea, such as RCW 69.50.4013, violates both the Eighth Amendment's protection against cruel and unusual punishment, and the Fourteenth Amendment's protection of due process. We disagree because Buurman's arguments fail to overcome the presumption of validity that legislatively enacted statutes are afforded. We review challenges to the constitutionality of a

statute de novo. *State v. Shultz*, 138 Wn.2d 638, 643, 980 P.2d 1265 (1999), *cert. denied*, 529 U.S. 1066 (2000).

       1.       Cruel and Unusual Punishment

"The Eighth Amendment states: 'Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'" *Graham v. Florida*, 560 U.S. 48, 58, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). "The Cruel and Unusual Punishments Clause prohibits the imposition of inherently barbaric punishments." *Id.* at 59. Under the Eighth Amendment, the punishment for a crime must be proportionate to the offense. *Id.* at 59. "There are two types of Eighth Amendment analysis: (1) determining whether a sentence is disproportionate to the particular crime, and (2) using categorical rules to define constitutional standards for certain classes of crimes or offenders." *State v. Schmeling*, No. 46218-4-II, slip op. at 2 (Wash. Ct. App. Dec. 15, 2015).

In *Schmeling*, we considered arguments very similar to those raised by Buurman. *Schmeling*, slip op. at 1-2. During a search of Schmeling's car, police found two baggies containing methamphetamine residue. *Schmeling*, slip op. at 1. Schmeling was convicted of possession of a controlled substance in violation of RCW 69.50.4013, and on appeal argued that his conviction violated the Eighth Amendment's protection against cruel and unusual punishment. *Schmeling*, slip op. at 1-2.

The *Schmeling* court considered his cruel and unusual punishment arguments under both (1) the "proportionality analysis" and (2) the "categorical analysis." *Schmeling*, slip op. at 3, 4. With respect to the proportionality analysis, we held that "[c]lassification of a crime as a felony despite the absence of a mens rea requirement does not result in grossly disproportionate

punishment." *Schmeling*, slip op. at 4. And, "we decline[d] to apply the categorical approach to punishment of adult drug offenders" convicted of possession of a controlled substance under RCW 69.50.4013. *Schmeling*, slip op. at 5. Therefore, pursuant to our holding in *Schmeling*, slip op. at 3-5, we hold Buurman's conviction for possession of a controlled substance does not violate the Eighth Amendment's protection against cruel and unusual punishment.[3]

2.      Due Process

Buurman also argues that this court should create the "non-statutory element of requiring proof of some culpable mental state," and then reverse Buurman's conviction because it "would be based on insufficient evidence, in violation of his right to due process." Br. of Appellant at 15. We disagree for the same reasons we rejected this argument in *Schmeling*, slip op. at 5-7.

Schmeling argued that his conviction under RCW 69.50.4013 violated due process rights because it imposed strict liability for the possession of a small quantity of drugs that an offender may not know he or she possessed. *Schmeling*, slip op. at 1. We rejected that argument and held that "RCW 69.50.4013 does not violate due process even though it does not require the State to prove intent or knowledge to convict an offender of possession of a small amount of a controlled substance." *Schmeling*, slip op. at 7. Pursuant to our holding in *Schmeling*, we reject Buurman's argument and hold that his due process rights were not violated when he was convicted of possession of a controlled substance under RCW 69.50.4013.

---

[3] Buurman relies only on the Eighth Amendment, thus we do not engage in an analysis of Article I, Section 14 of the Washington Constitution. *Schmeling*, slip op. at 2, n.3. Furthermore, as in *Schmeling*, slip op. at 5, n.4, even if the categorical analysis is applicable, Buurman similarly fails to demonstrate a national consensus against the challenged sentencing practice.

C.      CHARGING DOCUMENT

Buurman argues, for the first time on appeal, that his charging document failed to provide him with adequate notice of the theft charge against him and violated the Fifth and Sixth Amendments to the United States Constitution and article I, sections 3 and 22 of the Washington Constitution. Buurman contends that the charging document was vague and that it omitted critical facts. We disagree because the charging document included all of the elements and critical facts of the crimes charged.

Buurman's claim that the charging document was vague fails because he did not request a "bill of particulars" at trial. "A defendant may not challenge a charging document for 'vagueness' on appeal if no bill of particulars was requested at trial." *State v. Leach*, 113 Wn.2d 679, 687, 782 P.2d 552 (1989) (quoting *State v. Holt*, 104 Wn.2d 315, 320, 704 P.2d 1189 (1985)). Thus, because Buurman did not request a bill of particulars at trial, he may not challenge the vagueness of the charging document on appeal.

We review a challenge to the sufficiency of a charging document de novo. *State v. Williams*, 162 Wn.2d 177, 182, 170 P.3d 30 (2007); *State v. Rivas*, 168 Wn. App. 882, 887, 278 P.3d 686 (2012). A charging document must allege "'[a]ll essential elements of a crime,'" statutory and non-statutory, to provide a defendant with sufficient notice "'of the nature and cause of the accusation against him.'" *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013) (quoting *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991)); U.S. CONST. amend. VI; WASH. CONST. art. I, § 22). To satisfy this requirement, the information must allege (1) "every element of the charged offense" and (2) "particular facts supporting them." *State v. Nonog*, 169 Wn.2d 220, 226, 237 P.3d 250 (2010); *see State v. Simms*, 171 Wn.2d 244, 250, 250 P.3d 107 (2011).

"These legal and factual requirements are designed to give the defendant adequate notice of the charges so that he or she may prepare a defense." *Rivas*, 168 Wn. App. at 887.

When a defendant challenges a charging document's sufficiency for the first time on appeal, we construe the document liberally in favor of validity. *Rivas*, 168 Wn. App. at 887.

> In analyzing the sufficiency of an information under this liberal construction, we employ a two-prong test: (1) do the necessary elements appear in any form, or by fair construction can they be found in the information and, if so, (2) can the defendant show he or she was actually prejudiced by the vague or unartful language.

*Rivas*, 168 Wn. App. at 887. A caveat to our two-prong test exists where "we can neither find nor fairly imply an essential element of the crime in the charging document," at which point prejudice is presumed and reversal is required. *Rivas*, 168 Wn. App. at 888. This is true even if the defendant had actual knowledge of all of the essential elements of the crime charged against him. *Rivas*, 168 Wn. App. at 888.

Buurman argues the charging document omitted "critical facts" because it did not specifically detail which items he stole from the grocery store. Buurman also argues that the absence of "critical facts" could subject him to a subsequent prosecution for the same offense in violation of double jeopardy. Br. of Appellant at 17-19.

> The information in the charging document consisted of the following language:
>
> COUNT 02–THEFT IN THE THIRD DEGREE – 9A.56.020(1)(a) / 9A.56.050 / 9A.56.050(1)(a)
>
> That he, TODD ANTHONY BUURMAN, in the County of Clark, State of Washington, on or about June 30, 2014, did wrongfully obtain or exert unauthorized control over the property or services of another, of a value less than $750, with intent to deprive that person of such property or services, to-wit: various items belonging to Safeway; contrary to Revised Code of Washington 9A.56.050(1)(a) and 9A.56.020(1)(a).

11

CP at 1. The charging document mirrors the language of every statutory element enumerated in RCW 9A.56.050(1)(a) and .020(1)(a), and no non-statutory elements are alleged to be missing. The charging document in this case gave Buurman sufficient notice that he was required to defend against the charge of third degree theft for stealing items belonging to Safeway, on June 30, 2014, and the stolen items amounted to less than $750. Consequently, the first prong of the inquiry is satisfied and we move to the second prong. *Rivas*, 168 Wn. App. at 887.

The second prong asks whether Buurman has shown he was actually prejudiced by the alleged unclear charging document. *Rivas*, 168 Wn. App. at 887. Buurman confessed to having stolen the items when he was stopped by the police. During trial, Buurman testified that he had confessed to police. One of the responding officers testified to what items Buurman had stolen. And, Buurman testified that he stole the items that the police officer described. Thus, Buurman fails to show prejudice. Moreover, if Buurman is charged in a subsequent proceeding for a similar offense, it will be clear what items Buurman is charged with stealing and whether any subsequent proceeding violates double jeopardy. *See State v. Greathouse*, 113 Wn. App. 889, 904, 56 P.3d 569 (2002) (noting that parol evidence may "'be introduced for the purpose of identifying the offense where a plea of former jeopardy is interposed.'" (quoting *State v. Easton*, 69 Wn.2d 965, 968, 422 P.2d 7 (1966))), *review denied*, 149 Wn.2d 1014 (2003). Therefore, we hold Buurman fails to establish he was actually prejudiced, and the second prong of the inquiry fails.

Because the charging document contained all of the necessary elements of the crime of third degree theft, the crime with which Buurman was charged, and because Buurman fails to show he was actually prejudiced by the absence of an enumerated list of stolen items on the charging document, we hold that Buurman's challenge to the sufficiency of the charging document fails.

D.      VICTIM PENALTY ASSESSMENT

Buurman argues, and the State concedes, that the trial court erred in ordering Buurman to pay the statutory crime victim penalty assessment twice. We accept the State's concession.

RCW 7.68.035 authorizes crime victim penalty assessments. In relevant part, RCW 7.68.035(1)(a) provides: "The assessment shall be in addition to any other penalty or fine imposed by law and shall be five hundred dollars for each case or cause of action that includes one or more convictions of a felony or gross misdemeanor."

Buurman was convicted of one felony and one gross misdemeanor pursuant in a single cause of action. The trial court ordered Buurman to pay the crime victim assessment on the felony judgement and sentence. The trial court also wrote in $500 as the crime victim penalty assessment on Buurman's misdemeanor judgment and sentence form. Pursuant to RCW 7.68.035, requiring Buurman to pay two crime victim penalty assessments for offenses contained in a single cause of action was in error. Therefore, we remand to the trial court to vacate one crime victim penalty assessment.

No. 46618-0-II

We affirm the convictions, but remand to the trial court to vacate one victim penalty assessment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Bjorgen, A.C.J.

Maxa, J.

14